Demetre Christo BARTZIS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1185A328.

Court of Appeals of Indiana,
Third District.

Jan. 26, 1987.

John B. Wilson, Jr., Nashville, Jim J. Brugh, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Demetre Christo Bartzis appeals his conviction of Class C felony child molesting. On appeal Bartzis raises one issue: whether the trial court erred by vacating Bartzis' guilty plea and revoking its acceptance of a plea bargain recommendation.

On December 12, 1984 the trial court held a hearing at which it considered Bart-

zis' motion to change his plea to guilty from the automatic not guilty plea that was entered at his arraignment. Concomitant with the change of plea the prosecution and defense jointly filed a written plea agreement. The plea agreement called for Bartzis to plead guilty to one count of Class C felony child molesting in exchange for the prosecutor's agreement to dismiss a second count of child molesting and for an agreement that Bartzis would be sentenced to a suspended four-year term, subject to Bartzis receiving counseling.

At the December hearing the trial court examined Bartzis extensively on the factual basis for the guilty plea, on whether the guilty plea was voluntary and intelligent, and on whether he was knowingly waiving his constitutional rights. The trial court then discussed the specific terms of the plea agreement with Bartzis and explained the consequences of each part of the agreement. Once the trial court was assured that Bartzis possessed and understood all pertinent information, the trial court made the following finding:

"Okay. The Court now finds that the defendant understands the nature of the charge against him to which he has entered a plea of guilty, that he understands the possible sentence thereunder, that the plea of guilty was freely and voluntarily made, that the plea is accurate and there is a basis in fact for the defendant's offered plea of guilty.

The Court now finds that the defendant is guilty of child molest, a Class C felony, Court accepts the plea of guilty and finds the defendant guilty of said charge;

Court accepts the plea bargain agreement, will set sentencing for January, either 24th or 31st...."

The sentencing hearing was ultimately held on February 7, 1985. Instead of proceeding with formal sentencing as planned, the trial court conducted a second hearing on whether it would accept the plea bar-

gain. In the two intervening months the trial court had received an unfavorable presentence report and at the second hearing the victim's mother recanted her earlier approval of the plea agreement.

The presentence report concluded that probation was inappropriate. This conclusion was apparently based on the probation officer's subjective feelings about the charged crime, the mother's change in attitude, and a prior unrelated offense that Bartzis had committed. The only information in the record regarding the prior offense is that it occurred in 1972 and that the charge was "Theft By Deception." The charge apparently involved an unpaid check that arose in the course of Bartzis' business. The attorneys apparently assumed that the offense was a felony; however, this is unclear from both the record and the statute.[1]

The victim's mother appeared at the hearing and testified that she was unhappy with her earlier approval of the plea agreement. She said that she had felt pressured into acquiessence when the prosecutor had originally presented the proposal. She concluded that despite the legal difficulties that the case's unusual facts presented, she preferred to take a chance on no conviction, rather than have Bartzis receive probation.

The trial court also heard from the prosecution and the defense, both of whom argued that the plea agreement should stand. The State pointed out that the agreement had been offered after nearly a year of investigatory effort and that the nature of the case made the agreement the most desirable result. The defense argued that all parties, including the court, had understood the circumstances that led to the plea agreement and that it would be improper for the trial court to vacate the already agreed upon plea.

The trial court, citing only the mother's testimony, rescinded its acceptance of the plea agreement and vacated Bartzis' guilty

---

1. Based on information in the record, Bartzis could have been charged under IND.CODE § 35–17–5–3(1)(b) (repealed 1976) or under IND.CODE § 35–17–5–10(2) (repealed 1976) and the charge would have been a misdemeanor or a felony. See, IND.CODE § 35–17–5–12 (repealed 1976).

plea. In response to defense arguments, the judge stated that the court was only bound by a plea agreement if it was accepted at the time of sentencing. Finally the judge noted that he felt some prejudice against the defendant and therefore recused himself from further participation. The case was ultimately tried in another court where Bartzis was found guilty of one count of child molesting and sentenced to an executed seven-year sentence.

Statutory and case law is clear that a trial court is bound once it accepts a plea agreement with terms that are within the court's power to grant. IND.CODE § 35–35–3–3(d) (1986 Supp.). Also IND.CODE § 35–35–1–2(a)(4) (1986 Supp.) requires that before a court can accept a guilty plea, the defendant must be informed that if there is a plea agreement which the court accepts, then the court is bound by the agreement's terms. Case law is also well settled that a trial court is firmly bound to the terms of an accepted plea agreement.

See, Griffin v. State (1986), Ind., 493 N.E.2d 439;

Phillips v. State (1982), Ind., 441 N.E.2d 201;

State ex rel. Goldsmith v. Marion Superior Ct. (1981), 275 Ind. 545, 419 N.E.2d 109.

The trial court is, of course, not bound when the agreement was obtained through fraud nor is it bound to terms that are not within its power to grant. See e.g., Griffin v. State (1984), Ind., 461 N.E.2d 1123.

The trial court, after giving Bartzis the required advisements and determining the factual basis, accepted his guilty plea and then clearly and unequivocally accepted the plea agreement. There is no indication that the agreement was induced by fraud; the confusion over the nature of Bartzis' prior offense was mutual. The terms of the plea agreement were entirely within the trial court's power to grant. See, IND. CODE § 35–50–2–2 (1986 Supp.). Therefore the trial court was bound by the terms of the plea agreement and therefore it was error to refuse to carry out the agreement's terms. This case is reversed and remanded, with instructions to comply with the terms of the plea agreement.

STATON, J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur. IC 35–35–3–3 contemplates that in felony cases the plea agreement will be filed with the court and presentence investigation will be ordered and received before the court acts to accept or reject the plea agreement. Had that procedure been followed the dilemma in this case would have been avoided.

Where, however, the court elects to proceed and formally accepts the agreement and plea, it becomes bound thereby.