**Marvin REFFETT,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 69A01–9003–CR–95.

Court of Appeals of Indiana,
First District.

Aug. 6, 1990.

Susan K. Carpenter, Public Defender, Jonathan Parkhurst, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Marvin Reffett appeals the denial of his Motion to Correct Erroneous Sentence.[1] The case calls upon us to rule on the proper role of presentence reports in negotiated plea agreements in felony cases, and the specific issue before us is whether a trial court can accept a plea agreement without first having reviewed the defendant's presentence report. We hold that it cannot, and therefore affirm.

## FACTS

Reffett was charged with operating a vehicle while intoxicated, second or subsequent offense, a Class D felony.[2] On August 9, 1988, Reffett's negotiated plea agreement was filed with the trial court. The agreement provided that Reffett would receive an executed sentence of 23 months to run concurrently with a sentence to be imposed on a separate charge in another county. Pursuant to an order of judgment, the court accepted the agreement on August 11, 1988.

Reffett's presentence report was filed on August 12, 1988. On August 15, 1988, the trial court rescinded its August 11 order, thereby rejecting the plea agreement, and set the matter for trial. On December 23, 1988, the court accepted a second plea agreement which required Reffett to serve

1. IND. CODE 35–38–1–15.

a two year executed sentence to run consecutively to the sentence in the other county.

The trial court denied Reffett's Motion to Correct Erroneous Sentence, and this appeal followed.

## PROCEDURE

Initially, we note that Reffett should have filed a Petition for Post–Conviction Relief in this instance, rather than a Motion to Correct Erroneous Sentence, because the procedures for such a motion under IND. CODE 35–38–1–15 should be employed when a sentence is erroneous on its face. *Jones v. State* (1989), Ind., 544 N.E.2d 492. Reffett's two year sentence for Class D felony operating while intoxicated is not erroneous on its face. Nonetheless, because our supreme court in *Jones, supra,* ruled on the merits of a case brought as a Motion to Correct Erroneous Sentence, we do likewise and decline the State's request to dismiss the appeal.

## DECISION

### I. *Felony Plea Agreements*

We begin from the proposition that no defendant has an absolute right to a plea agreement. Whether to accept or reject a plea agreement is a matter for the trial court's discretion. *See Phillips v. State* (1982), Ind., 441 N.E.2d 201; *Griffith v. State* (1975), 163 Ind.App. 11, 321 N.E.2d 576. Nonetheless, "[p]roperly administered, [plea agreements are] to be encouraged. If every criminal charge were subjected to a full-scale trial, the States ... would need to multiply by many times the number of judges and court facilities." *Santobello v. New York* (1971), 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432. To encourage plea agreements in our heavily docketed trial courts, Indiana has enacted a broad statutory framework detailing the methods by which plea agreements are to be reached. *See* IND. CODE 35–35–3. This framework provides assurances that the needs and rights of victims,

2. IND. CODE 9–11–2–3.

defendants, and society at large are considered before plea agreements are reduced to judgment.

For example, IND. CODE 35–35–3–5 requires that prosecutors give victims the opportunity to review proposed plea agreements and to present their opinion of the agreement to the court. To prevent prejudice to defendants, IND. CODE 35–35–3–4 provides that evidence relating to a failed or rejected agreement is inadmissible at the subsequent trial of the case. Because both the public and defendants benefit from the expeditious resolution of criminal cases, IND. CODE 35–35–3–3(d) binds trial courts to the terms of plea agreements they choose to accept. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, *trans. denied,* and cases cited therein.

To be bound to the terms of a plea agreement, however, the trial court must first have the power to accept the agreement. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123. IND. CODE 35–35–3–3(a) provides:

> No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:
>
> (1) in writing; and
>
> (2) before the defendant enters a plea of guilty.
>
> The plea agreement shall be shown as filed, and if its contents indicate that the prosecuting attorney anticipates that the defendant intends to enter a plea of guilty to a felony charge, *the court shall order the presentence report required by IC 35–38–1–8* and may hear evidence on the plea agreement.

(Emphasis added.) IND. CODE 35–38–1–8 requires trial courts to consider a defendant's presentence report before pronouncing sentence on a felony conviction. A failure to consider the report is error. *See Carlin v. State* (1970), 254 Ind. 332, 259 N.E.2d 870; *Glenn v. State* (1975), 163

Ind.App. 119, 322 N.E.2d 106. Given the plain language in IND. CODE 35–35–3–3(a) referring to IND. CODE 35–38–1–8, coupled with the fact that the same interests of victims, defendants, and society are at stake when a sentence is issued pursuant to a plea agreement as when a sentence is issued after a trial, we see no reason for presentence reports to be given lesser weight in plea agreement sentencing than in post-trial sentencing. As Judge Garrard aptly stated in his concurring opinion in *Bartzis v. State* (1987), Ind.App., 502 N.E.2d 1347 (Garrard, P.J., concurring), "IC 35–35–3–3 contemplates that in felony cases the plea agreement will be filed with the court and presentence investigation will be ordered and received before the court acts to accept or reject the plea agreement." *Id.* at 1349. We hold, therefore, that trial courts are without power to accept plea agreements in felony cases without first having received and considered the defendant's presentence report.[3]

In *Bartzis, supra,* the Third District of this court reached a contrary conclusion. Relying on the rule that trial courts are bound by the terms of accepted agreements, the *Bartzis* court held that the trial court in that case had erroneously rescinded its acceptance of a plea agreement after it received the presentence report and heard testimony of the victim's mother. In *Bartzis,* however, the court did not take into account the full statutory framework of IND. CODE 35–35–3. Having done so in this case, we are persuaded our decision more fully comports with the language and underlying rationale of IND. CODE 35–35–3 than does the decision in *Bartzis,* and we disagree with that decision. We of course do not question *Bartzis* to the extent that case reaffirmed the rule that IND. CODE 35–35–3–3(d) binds trial courts to the terms of plea agreements they accept.

---

**3.** "[T]he negotiated plea of guilty can be subject to serious abuses ... [D]angerous offenders may be able to manipulate the system to obtain unjustifiably lenient treatment." 2 WHARTON *Criminal Procedure* 242 (12th ed. 1975) (citing *The Challenge of Crime in a Free Society, A Report by the President's Commission on Law* *Enforcement and Administration of Justice* 135 (1967)). Additionally, it is not inconceivable that a defendant could obtain unjustifiably harsh treatment. These two reasons alone are sufficient to warrant the trial court's review of presentence reports prior to acceptance of negotiated felony plea agreements.

Applying the above reasoning to the case at bar, the trial court was clearly without power to accept Reffett's plea agreement before it received and considered the pre-sentence report of August 12, 1988. Accordingly, its acceptance of the agreement on August 11, 1988 was a nullity. Its subsequent acceptance of the second plea agreement on December 23, 1988 was valid and binding, not only on the trial court, but on the State and Reffett as well.

## II. *Invited Error*

 There is another reason the judgment should stand. Reffett freely entered into the second plea agreement, an action he was not required to take. He thus waived any claim of error in the trial court's refusal of the first agreement. Moreover, assuming *arguendo* the trial court erred in refusing the first plea agreement, Reffett invited the continuation of that error by entering into the second agreement. This is so because if, as Reffett contends, the trial court was bound by the first agreement, it was error for the trial court to accept the second agreement. Reversible error does not exist when the complaining party invites that error. *Lacy v. State* (1982), Ind., 438 N.E.2d 968.

## CONCLUSION

For all the foregoing reasons, the judgment of the trial court is affirmed.

RATLIFF, C.J., and CONOVER, J., concur.