Marvin REFFETT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 69S01–9105–CR–00375.

Supreme Court of Indiana.

May 17, 1991.

Susan K. Carpenter, Public Defender and Jonathan Parkhurst, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

May a trial judge who has accepted a plea, approved a plea agreement, and found a defendant guilty of a felony without first ordering and reviewing a presentence report subsequently revoke his acceptance after reviewing the report? We hold that he may not.

*I. Factual Background*

On November 17, 1986, Marvin Reffett was stopped by a police officer in Ripley County for drifting left of center. Reffett was charged with operating a motor vehicle while intoxicated, a class D felony, Ind. Code § 9–11–2–3 (West Supp.1990), and with operating a motor vehicle while driving privileges suspended as an habitual

traffic offender, a class D felony, Ind.Code § 9–12–3–1 (West Supp.1990).

Reffett entered into a plea agreement with the Ripley County prosecutor. In exchange for Reffett's plea, the State agreed to dismiss the driving while suspended charge and to recommend a sentence of twenty-three months for driving while intoxicated, running concurrently with a prior sentence imposed by the Jefferson County Court.

On August 8, 1988, Reffett went before Judge Gay of the Ripley Circuit Court to make his plea. Prior to taking the plea, Judge Gay questioned Reffett to be sure he was acting voluntarily and intelligently. As required by Indiana Code § 35–35–1–2 (West 1986), Judge Gay advised Reffett: "If the court accepts the plea then the court is bound by the plea agreement, if the court rejects the agreement, then you are not bound by the agreement ... do you understand this?" Reffett responded, "Yes sir." After questioning Reffett further, Judge Gay accepted his guilty plea and the plea agreement, and found Reffett guilty of the class D felony, driving while intoxicated. Because a presentence report had not yet been prepared as required by Indiana Code § 35–38–1–8 (West 1986), Judge Gay ordered one and postponed sentencing until August 15th.

On August 12, 1988, Reffett's presentence report was filed. It revealed a long list of convictions for public intoxication and driving while intoxicated. On August 15, Reffett appeared in court expecting to be sentenced according to the plea agreement. Because of Reffett's history of alcohol-related convictions, however, Judge Gay rescinded his prior acceptance, entered a plea of not guilty, and set the case for trial.

Reffett negotiated further with the prosecutor. On December 23, 1988, Reffett agreed to plead guilty to the class D felony drunk driving charge in exchange for a dismissal of all other charges and a two-year sentence to run *consecutive* to the

prior sentence imposed by the Jefferson County Court. After questioning Reffett again, the court accepted the plea and sentenced him in accordance with the new agreement.

Contending that he should have been sentenced in accordance with the first plea agreement, Reffett filed a motion to correct erroneous sentence. Noting that the defendant had accepted the second plea agreement, the court denied the motion. Reffett appealed. The Court of Appeals held that Reffett was not entitled to be sentenced under the first plea agreement because the trial court had improperly accepted it without first reviewing the presentence report. It held that until the trial court considers the presentence report, it lacks the power to accept any plea agreement in a felony case. The Court of Appeals concluded that if the trial court lacked the power to accept the first agreement, it was not bound by its terms. It affirmed. *Reffett v. State* (1990), Ind.App., 557 N.E.2d 1068. Because this decision conflicts with a prior decision of the Court of Appeals, *Bartzis v. State* (1987), Ind. App., 502 N.E.2d 1347, we grant transfer. Ind. Appellate Rule 11(B)(2)(c).

## II. Procedure

The State argues Reffett's appeal from the denial of his motion to correct sentence is the wrong way to attack his sentence. It says Reffett should have filed a petition for post-conviction relief under Indiana Post-Conviction Rule 1 § 1(a)(3).

■ Indiana Code § 35–38–1–15 (West 1986) permits a defendant to file a motion to correct sentence so long as it is in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence. Reffett's motion met these requirements. Although this Court has repeatedly advised that a petition for post-conviction relief is the "preferred procedure,"[1] we have been reluctant to reject appeals from denial of a

---

1. *Thompson v. State* (1979), 270 Ind. 677, 389 N.E.2d 274; *Gee v. State* (1987), Ind., 508 N.E.2d 787; *Jones v. State* (1989), Ind., 544 N.E.2d 492.

motion to correct sentence on such technical grounds. In *Thompson v. State,* we explained that a petition for post-conviction relief was preferred because it "serves the substantial purpose of 'finally closing the door to post-conviction remedies.'" 389 N.E.2d at 276 (quoting *Owen v. State* (1975), 167 Ind.App. 258, 263, 338 N.E.2d 715, 718). By preferring one procedure but permitting both, this Court tries to encourage conservation of judicial time and energy while at the same time affording speedy and efficient justice to those convicted of a crime. *See generally id.* at 276–77.[2] In *Jones v. State,* we held that a motion to correct sentence is appropriate where the sentence is erroneous on its face, and that facial error occurs when the sentence violates express statutory authority. 544 N.E.2d at 496. If a sentence that violates express statutory authority is facially erroneous, a sentence that violates the express terms of a plea agreement is also facially erroneous, and may be attacked by a motion to correct erroneous sentence. Reffett's method of attacking his sentence is permissible.

### III. Vacating Reffett's Plea

We turn now to the merits. Because of the important role that plea bargaining plays in Indiana's criminal justice system, the legislature has enacted a broad statutory framework detailing the rules of the exercise. Ind.Code §§ 35–35–3–1 to –7 (West 1986 & Supp.1990). The Court of Appeals correctly noted: "This framework provides assurances that the needs and rights of victims, defendants, and society at large are considered before plea agreements are reduced to judgment." *Reffett,* 557 N.E.2d at 1069–70. To achieve the balance of rights struck by the legislature, it is incumbent that all the parties follow these statutory rules. In this case, the rules were not followed, creating a conflict between society's interest in seeing appropriate punishment meted out, and the defendant's right to receive the benefit of his bargain.[3]

■ The defendant's rights are well recorded. Although a trial court may exercise its discretion to accept or reject a plea agreement, *Phillips v. State* (1982), Ind., 441 N.E.2d 201, Indiana Code § 35–35–3–3(e) commands: "If the court accepts a plea agreement, it shall be bound by its terms." Another provision prohibits the court from accepting a plea agreement unless the defendant is first told that the court will be bound to the agreement upon its acceptance. Ind.Code § 35–35–1–2(a)(4) (West 1986). Here, the court declared acceptance of Reffett's first plea agreement: "The court accepts a plea of guilty and accepts the plea agreement and finds the defendant guilty of operating a motor vehicle while intoxicated, a Class D Felony." Record at 121.

The State argues these words of acceptance cannot work a legal acceptance of the agreement because the trial court had not yet considered the presentence report. According to the State, the court lacked the power to accept any plea agreement until after it had considered the presentence report. Since the court did not consider the report until August 12th, no plea could be accepted before this date.

■ The State is correct that the law required the trial court to consider the presentence report before accepting any plea. Indiana Code § 35–35–3–3(a) provides that if the contents of a plea agreement "indicate that the prosecuting attorney anticipates that the defendant intends to enter a

---

2. Indeed, we have even allowed the State to attack sentences entered in violation of plea agreements through an original action. *See State ex rel. Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109.

3. It is possible that the judge wanted to accept Reffett's plea on the same day it was offered in order to prevent Reffett from subsequently revoking his plea. However, Judge Gay could have precluded Reffett from revoking the plea simply by taking it under advisement. *See Flowers v. State* (1988), Ind., 528 N.E.2d 57 (affirming trial court's denial of defendant's motion to withdraw guilty plea where trial court had taken plea under advisement). Prematurely accepting the plea agreement did not avoid a second visit to court for all the parties; Reffett had to return to court on a later date for sentencing anyway.

plea of guilty to a felony charge, the court shall order the presentence report required by IC 35–38–1–8 and may hear evidence on the plea agreement." (West Supp.1990). Indiana Code § 35–38–1–8 (West 1986) states that "a defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court." The obvious purpose of this second provision is to ensure that the court has before it all the relevant information it needs about the defendant's background to exercise its discretionary authority in sentencing. If this purpose is to be achieved in cases like this one, in which the court's sentencing discretion is narrowed early by a term in the plea agreement, we think the court must consider the presentence report prior to accepting the plea agreement.[4] After the court has accepted the plea agreement, it loses discretion over sentencing, and the presentence report becomes useless. Thus, the State is correct in its claim that the judge should have considered the presentence report prior to accepting Reffett's plea agreement.

██ The court's failure to do so, however, does not strip it of the power to accept the plea agreement. Once a plea is accepted, a court is bound by all the terms in the plea agreement which are within its legal power to control. *Griffin v. State* (1984), Ind. 461 N.E.2d 1123 (provision in agreement that State will recommend incarceration in another state not binding on court). It was certainly within the trial court's power to accept or reject the agreement and all its terms were within the court's authority. *See* Ind.Code § 35–50–2–7 (West 1986); *Phillips,* 441 N.E.2d at 207. Although the judge had not seen the presentence report prior to his acceptance of the first plea agreement, the judge knew Reffett was not a first time offender. Reffett himself told the court that he had "alcoholic tendencies." Reffett's attorney told the court that Reffett was currently incarcerated on another of-

fense, and that he had been adjudged a habitual traffic violator resulting in a lifetime suspension of his driver's license. This information did not go unnoticed. At the end of the hearing, the judge told Reffett: "Sir, you should thank your attorney for doing such a wonderful job for you. The court would much rather have sentenced you to four (4) years additional, to be served consecutively. I would much rather have preferred giving you the maximum sir. However, in one of my weak moments I did accept the plea." Record at 121–22. Having accepted Reffett's plea and approved the agreement, the judge was obligated to sentence Reffett in accordance with it.

██ The State finally argues that Reffett waived his right to be sentenced under the first plea agreement by pleading guilty under the second plea agreement. The State cites no cases in support of this waiver theory, and we decline to so hold. While defendants must always take precautions to ensure that they have preserved their claim of error, we see no sense in requiring Reffett to have gone to trial to preserve his claim, as the defendant did in *Bartzis,* 502 N.E.2d at 1349.

The decision of the Court of Appeals is vacated, and we reverse the trial court's denial of Reffett's motion to correct erroneous sentence. The case is remanded to the trial court with instructions to sentence the defendant in accordance with the first plea agreement.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.

---

4. Because the trial court does not lose any discretion over sentencing when it accepts a plea agreement which does not contain a term regarding sentence, we do not decide here whether the court would be required by state law to consider the presentence report prior to accepting such a plea agreement.