**Forest BAUER, Jr., Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A04–9111–CR–380.**

Court of Appeals of Indiana, Fourth District.

April 29, 1992.

Linda M. Wagoner, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

*Case Summary*

Defendant–Appellant, Forest Bauer, Jr., appeals from the denial of his Motion to Correct Erroneous Sentence. We reverse.

*Issue*

Defendant presents one (1) issue for our review, which we restate as follows:

---

Whether the habitual offender determination was supported by sufficient evidence.

### Facts and Procedural History

On October 21, 1981, Defendant was convicted of Burglary (class A felony) and Criminal Confinement (class D felony). The crimes were committed on July 30, 1980.

In addition, Defendant was determined to be an Habitual Offender. He was convicted and sentenced for a felony in 1977. Defendant then committed a second felony, and was sentenced for it on July 28, 1981.

Approximately 10 years later, on July 3, 1991, Defendant filed his Motion to Correct Erroneous Sentence. The trial court denied the motion on August 12, 1991.

### Discussion and Decision

■ Defendant argues that the trial court erred in denying his Motion to Correct Erroneous Sentence. He argues "[t]he evidence [was] insufficient to support the habitual offender finding." In particular, he contends that his sentence is erroneous because the evidence shows he committed his third felony *before* he was sentenced on the second one. We agree.

The law is well-established that the third felony must be committed *after* the sentencing upon the second felony. As noted by the Indiana Supreme Court in *Williams v. State* (1988), Ind., 525 N.E.2d 1238, 1241, *reh. denied*:

> In an habitual offender proceeding, the State must prove that the defendant was convicted and sentenced for two prior unrelated felonies. Ind.Code § 35–50–2–8. The State must prove that the commission, conviction and sentencing on the first felony preceded the commission of the second felony. The State must further prove that the defendant committed

the principal offense after he was sentenced on the second prior felony. [Citations omitted.]

■ Here, the burglary and criminal confinement were committed on July 30, 1980, approximately one year *before* the sentencing on the second felony, which occurred on July 28, 1981. Furthermore, the error was not waived by failing to raise it on direct appeal because we consider it to be "fundamental error." As the Indiana Supreme Court noted in *Williams:*

> Where the record of the habitual offender proceeding clearly shows inadequate proof with regard to the chronological sequence of the underlying felonies, however, we consider such error to be fundamental.

[Citations omitted.] *See also, Smith v. State* (1990), Ind.App., 559 N.E.2d 338, 343, *reh. denied, trans. denied.*

■ Lastly, the issue in this case could be raised by way of a motion to correct sentence, although the preferred procedure is a petition for post-conviction relief.[1] As noted in *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, 1229:

> Indiana Code § 35–38–1–15 permits a defendant to file a motion to correct sentence so long as it is in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence ... Although this Court has repeatedly advised that a petition for post-conviction relief is the 'preferred procedure,' we have been reluctant to reject appeals from denial of a motion to correct sentence on such technical grounds.

[Citations omitted.]

Therefore, we reverse the habitual offender determination and corresponding 30-year enhancement of sentence.

MILLER and SHIELDS, JJ., concur.

---

1. We note the clear language of Ind. Post–Conviction Rule 1(a)(3), which states "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims ... that the sentence exceeds the maximum authorized by law, or is otherwise erroneous ... may institute at any time a proceeding under this Rule to secure relief."