Charles V. STEELE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A01–9403–PC–72.

Court of Appeals of Indiana, First District.

Aug. 25, 1994.

Susan K. Carpenter, Public Defender, Janet L. Parsanko, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

We revisit the issue of the effect of the trial court's acceptance of a plea agreement and decide at what point the court becomes bound by the terms of the agreement. Appealing the denial of his petition for post-conviction relief, appellant-defendant Charles V. Steele claims the trial court erred by rescinding its acceptance of his guilty plea pursuant to the original plea agreement.

## FACTS

Steele was charged with burglary as a Class B felony on March 10, 1989. In August, Steele agreed to plead guilty to Class C burglary in exchange for the State's recommendation of a four-year sentence. At the August 14, 1989, guilty plea hearing, the written plea agreement was filed, and the trial court found Steele guilty of Class C burglary. The court ordered a pre-sentence investigation and set a later sentencing hearing.

When Steele appeared for sentencing on October 2, 1989, the trial court rejected the four-year sentencing recommendation in the plea agreement. Steele then agreed to amend the plea agreement to reflect an eight-year sentence, which the court accepted.

Steele sought post-conviction relief alleging that the court erred in failing to comply with the terms of the original plea agreement and that his plea was not knowingly made. After an evidentiary hearing, the post-conviction court denied Steele's petition. Steele has elected to pursue only one issue on appeal: Did the trial court err by refusing to sentence him in accordance with the terms of the first plea agreement?

## DISCUSSION AND DECISION

At Steele's guilty plea hearing, the trial court found him guilty of Class C burglary.

Thus, Steele contends that the court thereby accepted the original plea agreement and could not later rescind its acceptance. *See* IND.CODE § 35–35–3–3(e); *Reffett v. State* (1991), Ind., 571 N.E.2d 1227. The State argues that the trial court accepted Steele's guilty plea but not the plea agreement.

The seminal case on this issue is *Reffett*, in which the trial court's rescission of its acceptance of a plea agreement was denounced. There, our supreme court acknowledged that a trial court has the discretion to accept or reject a plea agreement. *Id.* at 1229. However, once the court accepts the plea agreement, it is bound by its terms. *Id;* I.C. § 35–35–3–3(e). The *Reffett* trial court announced that it accepted the guilty plea and the plea agreement and found the defendant guilty. *Reffett*, 571 N.E.2d at 1229. At the sentencing hearing, the trial court rescinded its acceptance of the plea agreement in light of the presentence report indicating Reffett's extensive criminal record. *Id.* at 1228. The trial court then entered a plea of not guilty for Reffett and set the case for trial. *Id.* Upon negotiations, Reffett entered a second plea agreement several months later, which the court accepted and sentenced him thereon. The supreme court held that the trial court was bound by its initial acceptance of the first plea agreement even though it had not considered a presentence report as required by law. *Id.* at 1230.

The State attempts to distinguish the facts here from *Reffett*. Specifically, the State observes that the trial court did not verbalize that it accepted the plea agreement or its sentencing terms, unlike *Reffett* where the court stated it accepted the plea agreement. Here, the trial court stated only that it accepted Steele's guilty plea. We find the State's argument untenable. Steele's guilty plea was made dependent upon the plea agreement. In other words, his plea was offered contingent upon receiving a four-year sentence. The trial court could not accept the plea without accepting the agreement and its terms. To allow the court to do otherwise would deny Steele's right to re-

ceive the benefit of his bargain. *See id.* at 1229. If the court was not satisfied with plea agreement terms, its option was to reject the guilty plea and set the case for trial. Alternatively, the court could have taken the plea and the agreement under advisement. *Id.* at 1229, n. 3. When the trial court accepted Steele's plea, it necessarily accepted the plea agreement and became bound by its terms. We acknowledge that the result in *Reffett* has the effect of holding form over substance here, in that had the trial court merely stated that it was taking the guilty plea under advisement, rather than accepting it, we would find no error. Nonetheless, we are bound by our supreme court's ruling and have no choice but to remand for Steele to be sentenced in accordance with the first plea agreement.

The State further argues that the trial court's pronouncement supports that it did not accept Steele's plea agreement. In particular, the court warned Steele that he could receive a sentence ranging from two to eight years, while the plea agreement cited four years. Hence, the State posits that the court did not accept the four-year sentence recommendation. The State's argument is not persuasive because every court must inform the defendant of the possible sentence range under IND.CODE § 35–35–1–2. Thus, the court's requisite advisement would not imply that it rejected the plea agreement. In addition, the State remarks that the court had not yet received a presentence report that is required before it can accept a plea. IND. CODE § 35–38–1–8. The absence of the presentence report is not fatal to Steele's claim. *See Reffett,* 571 N.E.2d at 1230.

Lastly, the State contends that Steele waived any error by failing to object to the amendment and that he acquiesced in the second plea agreement when he could have had the case set for trial as the court offered. Our supreme court rejected the waiver argument in *Reffett,* finding no sense in requiring the defendant to proceed to trial to preserve his claim. *Id.* We follow the supreme court's holding and reject the State's contention.

Following *Reffett,* we remand to the trial court with instructions to sentence Steele under the terms of the first plea agreement.

Judgment reversed and remanded.

NAJAM and RUCKER, JJ., concur.