**Gerald E. LEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 30A05–9502–CR–70.**

Court of Appeals of Indiana.

June 27, 1995.

Michael R. Burrow, Wolf & Burrow, Greenfield, for appellant.

Pamela Carter, Atty. Gen., Meredith J. Mann, Deputy Atty. Gen., Indianapolis, for appellee.

### OPINION

BARTEAU, Judge.

This court accepted Gerald E. Lee's interlocutory appeal in order to determine whether, by accepting Lee's guilty plea, the trial court lost the authority to reject the plea agreement entered into between Lee and the State of Indiana.

### FACTS

The State charged Lee with robbery, a Class B felony, for his participation in the armed robbery of the National City Bank in Mount Comfort, Indiana. The Hancock County Prosecutor and Lee, through his defense counsel and guardian ad litem, negotiated a plea agreement providing that Lee would plead guilty to robbery, a Class C felony, in exchange for an eight-year sentence, four years suspended, and his truthful testimony against his co-defendants. The agreement also provided that Lee would give a deposition immediately following the court's acceptance of the plea agreement.

In accepting Lee's plea of guilty the trial court stated:

BY THE COURT: Court now finds the Defendant is 17 years of age, he understands the nature of the charge against him to which he has pled guilty, he understands the possible sentence and fine thereunder, that his plea was freely and

voluntarily made, the plea is accurate and there is a factual basis for the Defendant's plea of guilty. Court now accepts the Defendant's plea of guilty and finds the Defendant guilty of the offense of Robbery, Class C Felony. Mr. Burrow [defense counsel], do you see any reason why Judgment of Conviction should not be pronounced at this time?

MR. BURROW: No, Your Honor.

BY THE COURT: It is now Ordered, Adjudged and Decreed by this Court the Defendant, Gerald E. Lee, is a male 17 years of age is guilty of the offense of Robbery, Class C Felony. It is my understanding the parties desire to postpone the sentencing in this matter; is that correct?

R. 66–67. In accepting Lee's plea, the trial court did not inform Lee that it was not a party to the plea agreement or that in accepting the guilty plea, the court was not accepting the plea agreement. The record reflects that between the guilty plea hearing and the sentencing date, the court informed the parties that it intended to reject the plea agreement. In a memorandum to the trial court, defense counsel asserted that the trial court lacked that authority. At sentencing, the court rejected the plea agreement and set the matter for trial. This discretionary interlocutory appeal ensued.

### REJECTION OF THE PLEA AGREEMENT

In *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, the trial court stated that it "accepts a plea of guilty and accepts the plea agreement and finds the defendant guilty...." *Id.* at 1230. The trial court later rejected the plea agreement. In holding that the trial court was required to sentence Reffett in accordance with the terms of the rejected plea agreement, our supreme court noted that "once a plea is accepted, a court is bound by all the terms in the plea agreement which are within its legal power to control." *Id.*

Relying on *Reffett*, this court held in *Steele v. State* (1994), Ind.App., 638 N.E.2d 1338, that a trial court could not accept a guilty plea without accepting the plea agreement and its terms. *Id.* at 1339. Unlike in *Reffett*, the trial court in *Steele* did not explicitly accept the plea agreement when it accepted the guilty plea. The trial court merely stated that it accepted the plea of guilty. *Steele* rejected the State's argument that the trial court's failure to verbalize acceptance of the plea agreement distinguished the case from *Reffett*:

We find the State's argument untenable. Steele's guilty plea was made dependent upon the plea agreement. In other words, his plea was offered contingent upon receiving a four-year sentence. The trial court could not accept the plea without accepting the agreement and its terms. To allow the court to do otherwise would deny Steele's right to receive the benefit of the bargain. If the court was not satisfied with plea agreement terms, its option was to reject the guilty plea and set the case for trial. Alternatively, the court could have taken the plea and the agreement under advisement. When the trial court accepted Steele's plea, it necessarily accepted the plea agreement and became bound by its terms.

*Steele*, 638 N.E.2d at 1340 (citation omitted).

We agree with the rationale of *Steele* and *Reffett* that when a trial court accepts a defendant's guilty plea, it also accepts the plea agreement. In the case before us, when the trial court accepted the guilty plea, it gave no indication that acceptance was conditional in any way. Further, the trial court not only accepted the guilty plea, but entered judgment of conviction as well. Under these circumstances, the trial court lacked the authority to later reject the plea agreement. Consequently, we reverse and remand for sentencing under the terms of the rejected plea agreement.

Due to our resolution of the above issue, we deny Lee's Motion to Reconsider and the State's Motion to Strike.

REVERSED AND REMANDED.

SHARPNACK, C.J., concurs.

CHEZEM, J., concurs in result with opinion.

CHEZEM, Judge, concurring in result.

I concur in result because the facts in this case require the result.

I specifically disagree with the reasoning and result in *Steele*. Further, if fairness required it, this case could be distinguished from *Reffett*.