**Ralph ROARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 31A01–0411–CR–463.**

Court of Appeals of Indiana.

June 30, 2005.

Matthew Jon McGovern, Evansville, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Ralph Roark appeals his convictions for Burglary,[1] a class C felony and Theft,[2] a class D felony, and being a Habitual Offender.[3] Specifically, Roark raises one dispositive issue: whether the trial court was required to accept his plea agreement.[4] Finding that the trial court was without authority to reject the plea agreement having previously accepted it, we reverse and remand with instructions to enter a judgment of conviction and sentencing order in accordance with the plea agreement.

---

1. Ind.Code § 35–43–2–1.

2. I.C. § 35–43–4–2.

3. Ind.Code § 35–50–2–8.

4. Roark also argues that the trial court should have excluded evidence regarding a stolen bicycle because it was irrelevant, constituted impermissible character evidence, and was unduly prejudicial. However, because we reverse on the basis of the plea agreement and there will be no retrial in which this evidentiary problem could arise, we need not reach this issue.

## FACTS

On August 20, 2003, at approximately 2:40 a.m., Officer Delana Smith of the Harrison County Police Department responded to a call of an activated security alarm at the Ramsey Marathon convenience store in Harrison County. When Officer Smith arrived, she observed a red and white Ford truck backed up to the store doors. A man came from behind the truck and threw something into the back of the truck. Officer Smith noted that the suspect was wearing a long-sleeved black and white flannel jacket, a dark-colored toboggan, and blue jeans and that he had a mustache and "very distinct facial features." Tr. p. 327–38. Officer Smith later identified the man as Ralph Roark.

Upon seeing Officer Smith, Roark got into the truck and drove away. As he drove past her, Officer Smith saw his face. Officer Smith activated her emergency lights and pursued the truck, but Roark did not stop. Roark drove north on Corydon–Ramsey Road, and Officer Steven Duley was waiting there to block Roark. Roark drove off the road to go around Officer Duley's vehicle, allowing Officer Duley to see by the light from his headlights that the driver was dark haired, mustachioed, and that his "facial features [were] distinct." Tr. p. 502. Roark eventually left his truck and fled through the woods on foot. Although officers searched the woods, they were unable to find Roark. Jean Wright lived on Corydon–Ramsey Road approximately one-half mile from where Roark abandoned his truck. Sometime between 3:00 and 4:00 a.m., she was awakened by a noise outside. The next day, she discovered that the ignition of her truck was broken and that the purple children's bicycle that she owned was missing.

On August 20, 2003, the State charged Roark with burglary and theft and issued a warrant for his arrest. At 11:25 a.m. on that day, Roark reported his truck as stolen. Upon questioning by the police, Roark informed them that he had been at the home of his girlfriend, Linda Harris, the night of the robbery. Harris informed officers that Roark went to sleep with her that night and that he woke up there the next morning, but she also stated that she is a heavy sleeper and would not have noticed if he'd left during the night. The police found Wright's purple bicycle outside Harris's home, which is located approximately two or three miles from Wright's home.

The police impounded Roark's abandoned truck and inventoried its contents. The truck bore Kentucky tags, but Indiana tags registered to Roark were discovered in the vehicle. The Kentucky tags were not registered to Roark. Inside the truck, the police found, among other things, a box of bratwurst, a gallon of milk, one and one-half gallons of orange juice, two dozen eggs, two pints of ice cream, a box of M & Ms, several cases of beer, several cartons of cigarettes, several lottery tickets, and Slim Jim beef jerky. The store's owner had specifically identified many of these items as missing from the store following the burglary. Police also found letters and legal documents addressed to Roark inside the truck. The police were unable to start the truck because it had a homemade ignition switch that required two wires to be pushed together while turning the key. Roark showed the police how to start the truck.

On September 10, 2003, the State added to its charges an allegation that Roark was a habitual offender. On October 8, 2003, Roark pleaded guilty to class C felony burglary and agreed to an eight-year sentence pursuant to a plea agreement in exchange for the dismissal of the theft and habitual offender charges. At that time, the trial court entered a judgment of con-

viction and set the matter for sentencing. The trial court also ordered a presentence investigation report (PSI). On October 29, 2003, the trial court rejected the plea agreement and set the matter for trial because the PSI revealed that Roark was on probation in Clark County at the time of the offense and because Roark's criminal history was more extensive than the State and trial court realized when the agreement was made.

The jury trial was held from September 28 to 30, 2004. The jury found Roark guilty of burglary and theft on September 30, and Roark pleaded guilty to the habitual offender enhancement on October 1, 2004. That same day, the trial court sentenced Roark to six years on the burglary conviction and two years on the theft conviction that were ordered to run consecutively to each other. The trial court also imposed a consecutive eight-year sentence on the habitual offender adjudication,[5] for an aggregate term of fourteen years. Roark now appeals.

## DISCUSSION AND DECISION

■ Roark argues that the trial court was required to accept the plea agreement. Specifically, he contends that the trial court was without authority to reject the terms of the plea agreement, having previously accepted it.

■ Once a court accepts a plea agreement, it is bound by its terms. Ind.Code § 35-35-3-3(e). *Reffett v. State*, 571 N.E.2d 1227 (Ind.1991), controls this case. In *Reffett*, the trial court accepted the defendant's guilty plea and found him

guilty of driving while intoxicated. Because a PSI had not yet been prepared as required by Indiana Code section 35-38-1-8, the trial court ordered one and set a sentencing hearing for the following week. The PSI revealed a lengthy history of alcohol-related convictions. Because of this, the trial court rescinded its prior acceptance, entered a plea of not guilty, and set the case for trial. *Id.* at 1228. In writing for the majority, the author of this opinion wrote to affirm the trial court's revocation of the plea agreement. *Reffett v. State*, 557 N.E.2d 1068 (Ind.Ct.App. 1990). This court found that Indiana Code section 35-38-1-8 provides that a defendant convicted of a felony may not be sentenced before a written PSI is prepared by a probation officer and considered by the sentencing court. We held that this statutory requirement coupled with the fact that the PSI process secures the needs and rights of victims, defendants, and society at large, divested the trial court of authority to accept a plea agreement without first receiving and considering the PSI. *Reffett*, 557 N.E.2d at 1070. However, our Supreme Court reversed the trial court on transfer, finding that the trial court's failure to first consider the PSI "does not strip it of the power to accept the plea agreement." *Reffett*, 571 N.E.2d at 1230. Our Supreme Court found it relevant that the trial court knew at the time of acceptance that Reffett was not a first-time offender and concluded that the trial court was obligated to sentence Reffett in accordance with the accepted plea. *Id.*

**5.** We note that the trial court imposed this sentence by treating the habitual offender finding as a separate conviction. Appellant's App. p. 227–28. This is improper. A habitual offender finding has no independent status as a separate crime and exists only as an integral part of a sentence imposed for a specific

independent felony. *Anderson v. State,* 774 N.E.2d 906, 914 (Ind.Ct.App.2002). The proper procedure would be for the habitual offender enhancement to be attached to either the theft or burglary convictions. *See Hazzard v. State,* 642 N.E.2d 1368 (Ind.1994).

The facts here are strikingly similar. The trial court accepted Roark's guilty plea and entered a judgment of conviction. Tr. p. 50; Appellant's App. p. 35. When the trial court accepted the plea, it was aware that Roark was on probation in Clark County at the time of the offense.[6] Tr. p. 46. The trial court then ordered a PSI and set a sentencing hearing for three weeks later. Tr. p. 50–51. The PSI revealed a history of convictions for burglary, theft, and receiving stolen property that was more extensive than the State and the trial court had anticipated. Tr. p. 56; Appellant's App. p. 46–48. Because of this, the trial court rescinded its prior acceptance and set the case for trial. Tr. p. 60–61.

Notwithstanding the clear intent of the General Assembly that a trial court must consider the PSI before accepting a plea agreement, we are bound by our Supreme Court's holding in *Reffett*. Accordingly, the trial court here had discretion to accept the plea agreement and, in fact, did so by accepting the guilty plea and entering judgment. *See Benson v. State*, 780 N.E.2d 413, 420 (Ind.Ct.App.2002), *trans. denied* (noting that defendant's plea was not an open plea, but a plea tied to the plea agreement, rendering acceptance of one acceptance of the other). As the author of the Court of Appeals' opinion in *Reffett*, the author of this opinion considers this holding to be the triumph of form over substance. Nevertheless, we are constrained to find that the trial court erred under our Supreme Court's holding in *Ref-*

*fett* by rejecting the plea agreement in this case.

The judgment of the trial court is reversed and remanded with instructions to enter judgment in accordance with the plea agreement.

KIRSCH, C.J., and BARNES, J., concur.

---

**6.** We note that the trial court stated, "[I]t appears that the Court is required to reject his plea agreement because it appears that he was on probation out of Clark County. Uh, and uh, therefore the sentences are required to be served consecutively. I just read him 35–51–2[sic], that uh, required that uh, manditorily [sic]." Tr. p. 64. While the trial court is correct that any revoked probation would have to run consecutively to Roark's sentence in this case, Ind.Code § 35–50–1–2, there was no revoked Clark County sentence at the time of the rejection of the plea agreement to which the trial court could order a consecutive sentence. Appellant's App. p. 48. Thus, the onus is on Clark County to order its revoked sentence to run consecutively to Roark's sentence in this case, and the trial court was not required to reject the plea agreement for failing to provide for this.