Mark A. KLINE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A04–0612–CR–736.

Court of Appeals of Indiana.

Oct. 29, 2007.

Lorraine L. Rodts, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Mark A. Kline challenges his sentence for multiple counts of sex offenses against minors, arguing it exceeded the judge's authority. We agree and remand for resentencing.

## FACTS AND PROCEDURAL HISTORY

Between 1992 and 1997, Kline engaged in sexual conduct with several boys. Several of these events occurred while he was working with a church youth program. On some occasions, Kline invited boys to his apartment and drugged them with a sleeping aid so he could fondle them as they slept. Many of the boys have no memory of these incidents. In 1997, Kline went to the police and confessed, providing the names of several victims.

On March 3, 1997, the State initiated four cases against Kline, charging him with twenty-two counts involving ten different victims. Pursuant to a plea agreement, Kline entered a plea of guilty. The State made no recommendation concerning Kline's sentence except that all sentences would be served concurrently. Accordingly, Kline's maximum sentence would be twenty years. On May 27, 1997, the trial judge accepted Kline's plea and entered convictions on each count, although he stated several times he was taking the plea agreement "under advisement." (Tr. at 81, 89, 97.)

On July 23, 1997, the case proceeded to sentencing. The judge heard arguments from each party, commented on the factors he found to be aggravating or mitigating, and gave Kline the maximum sentence on each count. The judge then explained he was going to have the sentences grouped within a single cause run concurrently, but the sentences for the different causes would be served consecutively. The parties objected because the plea agreement called for all sentences to be served concurrently. Although the parties had advised the judge the maximum sentence would be twenty years, the judge said he had misunderstood and would not accept the plea agreement.

The parties entered into a second plea agreement. The new agreement provided all sentences would be served concurrently except for one count of child molesting as a Class B felony. The judge accepted this agreement and sentenced Kline to twenty-eight years, the maximum sentence under the second plea agreement. The judge also ordered "restitution in the form of . . . counseling and any necessary help for the families for these young people who were the victims of these crimes." (Tr. at 160.)

## DISCUSSION AND DECISION

This case is a belated appeal pursuant to Post–Conviction Rule 2. Kline raises several issues concerning his sentence, which we restate as: (1) whether Kline should be sentenced in accordance with the first plea agreement; (2) whether several of Kline's convictions should be reduced to a lower class in accordance with the different laws in effect at the time of the offense; (3) whether the judge's order for restitution

exceeded his statutory authority; and (4) whether the judge's use of aggravators and mitigators was proper.

### 1. Plea Agreements

 Kline argues the trial court accepted his first plea agreement, and therefore he should be sentenced according to its terms. He is correct. The trial court said it was taking the plea agreement under advisement, but it accepted Kline's guilty plea and entered convictions on all twenty-two counts. A conviction constitutes acceptance of the plea agreement if the defendant's guilty plea is contingent on its acceptance. *Steele v. State*, 638 N.E.2d 1338, 1339–40 (Ind.Ct.App.1994). Kline's motion to enter a plea of guilty incorporated his agreement with the State, and the plea was conditioned on that agreement.

The trial judge in this case went a step further. Before he rejected the plea agreement, he pronounced sentence on each count and manifested his intention to impose the maximum sentence. The record reflects the court knew the agreement called for a maximum sentence of twenty years. The judge told Kline, "I want you to understand that if I accept the plea agreement, I could sentence you to up to twenty (20) years." (Tr. at 97.) Before the judge pronounced sentence, the prosecutor stated, "We believe that an aggravated sentence in those cases up to and including the maximum sentence provided by law of twenty (20) years is appropriate." (*Id.* at 112.) A judge may not inquire into the terms of the plea agreement after entering convictions and conducting a full-fledged sentencing hearing. Once the first plea agreement was accepted, the court was bound by its terms. *Steele*, 638 N.E.2d at 1339.

### 2. Classification of Crimes

 Kline next argues that several of his convictions should be reduced to a low-er class because different laws were in effect when he committed the offenses. At issue are convictions of child molesting as a Class B felony, child molesting as a Class C felony, two counts of sexual misconduct with a minor as a Class B felony, and two counts of sexual misconduct with a minor as a Class C felony.

Recent decisions from our Supreme Court have limited a defendant's ability to challenge an illegal sentence that results from a guilty plea. *Stites v. State*, 829 N.E.2d 527 (Ind.2005); *Lee v. State*, 816 N.E.2d 35 (Ind.2004).

> A defendant "may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." As this Court has more recently explained: "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy."

*Lee*, 816 N.E.2d at 40 (internal citations omitted).

Kline received a significant benefit from his plea. Because the crimes took place over several years and involved multiple victims, they were not a single episode of criminal conduct. Therefore, Kline could have received consecutive sentences that far exceeded the twenty-year agreement. While he was not properly sentenced on certain individual counts, twenty years is well within a legal sentence for the offenses he committed. Just as the trial court is bound to the agreement it accepted, so is Kline.

### 3. Restitution

 Kline also asserts the trial court exceeded its authority in ordering him to

pay counseling expenses to his victims. We agree. Restitution is authorized only for expenses incurred by victims before the date of sentencing. Ind.Code § 35–50–5–3; *Ware v. State*, 816 N.E.2d 1167, 1179 (Ind.Ct.App.2004); *Kotsopoulos v. State*, 654 N.E.2d 44, 47 (Ind.Ct.App.1995). The record contains evidence of counseling expenses incurred by only one victim. (Appellant's App. at 67–68.) Nevertheless, Kline was ordered to pay undetermined future expenses.

■ The State contends Kline has waived the issue, as he did not object at the sentencing hearing and he has not argued in his brief the error was fundamental. "However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. An improper sentence constitutes fundamental error and cannot be ignored on review." *Groves v. State*, 823 N.E.2d 1229, 1232 (Ind.Ct.App.2005). The order to pay any expense incurred by any of his victims at any point in the future is outside the judge's authority.

### 4. *Sentencing Factors*

The parties have briefed the issue of whether Kline may raise *Blakely* issues in this appeal. Since the briefs were submitted, our Supreme Court has decided *Blakely* claims may not be raised in belated appeals. *Gutermuth v. State*, 868 N.E.2d 427 (Ind.2007). However, *Gutermuth* does not tell us whether the trial court must comply with *Blakely* when re-sentencing a pre-*Blakely* conviction.

We believe *Gutermuth* is distinguishable. Kline did not file a belated appeal for the purpose of taking advantage of the new rule in *Blakely*. He raised other valid claims, which resulted in his case being remanded for resentencing in a post-*Blakely* world. If Kline must be resentenced, we see no reason why the trial

court should not comply with the current state of constitutional law. Therefore, on remand, the trial court may not enhance Kline's sentence based on additional facts "unless those facts are either (1) a prior conviction; (2) facts found by a jury beyond a reasonable doubt; (3) facts admitted by the defendant; [or] (4) facts found by the sentencing judge after the defendant has waived *Apprendi* rights and consented to judicial factfinding." *Robertson v. State*, 871 N.E.2d 280, 286 (Ind.2007).

This case is remanded for resentencing in accordance with this opinion and the terms of the original plea agreement.

BAILEY, J., concurs.

SHARPNACK, J., concurring in result.