**Leighbrooke MABBITT, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9801–CR–38.

Court of Appeals of Indiana.

Dec. 28, 1998.

Aaron E. Haith, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, J.T. Whitehead, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

RATLIFF, Senior Judge.
### STATEMENT OF THE CASE

Defendant–Appellant Leighbrooke Mabbitt appeals her conviction of operating a motor vehicle while intoxicated, a Class A misdemeanor. Ind.Code § 9–30–5–2.

We affirm.

### ISSUES

Mabbitt raises two issues for our review, which we restate as:

I. Whether the trial court erred in revoking its "acceptance" of Mabbitt's guilty plea.

II. Whether Mabbitt's conviction of operating a motor vehicle while intoxicated is supported by the evidence.

### FACTS AND PROCEDURAL HISTORY

At 2:03 a.m. on August 8, 1997, Mabbitt drove her vehicle into the rear end of a vehicle stopped at a stop light. The driver of the second car was DeWayne Slaughter. Officers Brad McFerran and Michael Johnson arrived at the scene. Officer McFerran noticed that Mabbitt had glassy eyes, smelled of alcohol, and had difficulty extricating herself from her car. Officer Johnson then administered three different field sobriety tests, which Mabbitt failed. Mabbitt was then transported to police headquarters. A breathalyser test at 2:55 a.m. revealed a blood alcohol count of .15 %.

Mabbitt was charged with one count of operating a vehicle while intoxicated, a Class A misdemeanor, and one count of operating a vehicle with a blood alcohol count of .10% or more, a Class C misdemeanor. Mabbitt submitted a guilty plea, which was ultimately rejected by the trial court. After a bench trial, Mabbitt was found guilty of both of the charged misdemeanors. However, the trial court found that the Class C misdemeanor merged with the Class A misdemeanor. Accordingly, it entered conviction only for the operating a motor vehicle while intoxicated Class A misdemeanor.

### DISCUSSION AND DECISION
### I. GUILTY PLEA

During the pre-trial guilty plea hearing, Mabbitt pled guilty to operating a motor vehicle while intoxicated. The trial judge questioned Mabbitt to ensure that she understood the nature of her guilty plea, the sentencing consequences thereof, and her rights in light of the State's recommendations contained in the plea agreement. The judge stated that he accepted the plea; however, he revoked "acceptance" upon being informed that Slaughter had not been contacted about the plea. The judge then took the

plea under advisement. He later rejected the plea in subsequent hearings.

Mabbitt contends that the trial court was not permitted to revoke its "acceptance" of her guilty plea. She maintains that pursuant to *Reffett v. State*, 571 N.E.2d 1227 (Ind. 1991) and *Lee v. State*, 652 N.E.2d 113 (Ind. Ct.App.1995), we should reverse the trial court and remand this matter to the trial court for sentencing in accordance with the plea agreement.

In *Reffett*, the trial court indicated at the guilty plea hearing that it accepted the plea and the plea agreement. The trial court found Reffett guilty of the offense that was the subject of the plea. The trial court then scheduled a date for sentencing pursuant to the guilty plea. Between the time of its acceptance of the plea and the sentencing hearing, the trial court reviewed the pre-sentence report. At the sentencing hearing, the trial court stated that it was revoking its prior acceptance of the guilty plea. This court affirmed the trial court, but our supreme court reversed on transfer. The supreme court held that "[i]f the court accepts a plea agreement, it shall be bound by its terms." 571 N.E.2d at 1229 (citing Ind.Code 35-35-3-3(e) (1982)). The supreme court noted that the trial court "declared acceptance" by (1) accepting the guilty plea; (2) accepting the plea agreement; and (3) finding the defendant guilty of the offense that was the subject of the plea. *Id.*

In *Lee*, the trial court "accepted" the guilty plea and made a finding of guilt. Sometime between the guilty plea hearing and the subsequent sentencing hearing, the trial court revoked its "acceptance." 652 N.E.2d at 114. In determining whether an irrevocable acceptance had been made, we found it significant that the trial court not only "accepted" the guilty plea, but also "entered judgment of conviction as well." 652 N.E.2d at 114.

■ In this case, unlike in *Reffett* and *Lee*, the trial court did not make a finding of guilt or enter a judgment of conviction. Additionally, in *Reffett* and *Lee* there was a signifi-

cant passage of time between acceptance of the plea and the trial court's attempted recession of the acceptance. In this case, however, the "acceptance" and "recession" occurred in the course of an extended dialogue between the trial judge, the deputy prosecutor, and Mabbitt during a single hearing. We find that the facts of this case are distinguishable from those of *Reffett* and *Lee*. We further find that under the facts before us, the trial court's premature "acceptance" was not irrevocable.[1]

## II. SUFFICIENCY OF THE EVIDENCE

Mabbitt contends that the evidence is insufficient to support her conviction of operating a motor vehicle while intoxicated. She specifically contends that the evidence of her failed breathalyser test was not trustworthy.

In reviewing sufficiency claims, this court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn therefrom. The verdict will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Vega v. State*, 656 N.E.2d 497, 504 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* Reversal is appropriate only when reasonable persons would be unable to form inferences as to each material element of the offense. *Id.*

■ In the present case, the State presented the following evidence. Mabbitt drove her vehicle into the rear of Slaughter's vehicle and had difficulty extricating herself from the vehicle after Officers McFerran and Johnson arrived at the scene. Mabbitt was observed by Officers McFerran and Johnson, who between them had handled a large number of drunk driving investigations. Mabbitt had glassy eyes and smelled of alcohol. Mabbitt failed the "one legged stand" field sobriety test. Mabbitt failed a second field test, the "nine step walk and run" test. Mabbitt also failed a third field sobriety test, the "horizontal gaze nystagmus" test.

---

1. We note that in the recent case of *Beech v. State*, 702 N.E.2d 1132 (Ind.Ct.App.1998), this court upheld the trial court's setting aside of a guilty plea where the defendant proclaimed his innocence at the sentencing hearing.

We need not consider whether the breathalyser evidence was trustworthy. Evidence of poor driving skills, failed field sobriety tests, difficulty with physical dexterity, and/or the smell of alcohol upon a driver is sufficient to sustain a conviction for operating a motor vehicle while intoxicated. *See Collins v. State*, 583 N.E.2d 761, 766 (Ind.Ct. App.1991) (holding that failure of field sobriety test, smell of alcohol, slurred speech, unsteadiness, and refusal to comply with simple request was "more than sufficient"); *Parker v. State*, 530 N.E.2d 128, 130 (Ind.Ct.App. 1988) (holding that failure of field sobriety tests, smell of alcohol, bloodshot eyes, slurred speech, unsteadiness, and recklessness was sufficient). The evidence in the present case, even absent the challenged breathalyser results, is sufficient to support Mabbitt's conviction.

### CONCLUSION

The trial court did not err in ultimately rejecting Mabbitt's guilty plea. Furthermore, the evidence is sufficient to support Mabbitt's conviction of operating a motor vehicle while intoxicated.

Affirmed.

NAJAM and MATTINGLY, JJ., concur.