Keith WOODEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0104–CR–157.

Court of Appeals of Indiana.

Oct. 30, 2001.

---

Victoria Ursulskis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Keith Wooden was found guilty by a jury and convicted of operating a motor vehicle while privileges are forfeited for life, a Class C felony. He was sentenced to five years at the Indiana Department of Correction. He was also ordered to pay $125 in costs and a $200 Public Defender reimbursement fee. Those amounts were reduced to a monetary judgment, and the court ordered that he not be incarcerated for failure to pay. Wooden appeals his conviction and sentence. We affirm in part, and remand in part.

*Issues*

Wooden raises two issues for our review, which we restate as follows:

1. Whether the trial court properly instructed the jury regarding the elements of the offense; and

2. Whether the trial court properly imposed costs and a reimbursement fee.

*Facts and Procedural History*

An Indianapolis police officer stopped a vehicle driven by Wooden when Wooden failed to stop at a stop sign. Wooden told the officer that he did not have a drivers license, and based upon the identifying information Wooden provided, the officer determined that Wooden was an habitual traffic violator and had his license forfeited for life. Wooden was charged with operating a motor vehicle while his privileges are forfeited for life.

At Wooden's jury trial, the State presented evidence that a Keith L. Wooden had entered a plea of guilty to operating a motor vehicle while an habitual traffic violator in November of 1990, and had his driving privileges forfeited for life as a result. A fingerprint identification expert testified that Wooden was the same "Keith L. Wooden" who had entered the November 1990 plea. The jury returned a verdict of guilty. Additional facts will be provided as necessary.

*Discussion and Decision*

### I. Jury Instructions

### A. Standard of Review

The well-settled standard by which we review challenges to jury instructions affords great deference to the trial court. *McCann v. State*, 742 N.E.2d 998, 1004 (Ind.Ct.App.2001), *summarily aff'd. on this ground*, 749 N.E.2d 1116 (Ind.2001). Accordingly, the trial court's ruling will not be reversed unless the instructional error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Id.* Jury instructions must be considered as a whole; if they state the law fully and correctly when read in conjunction with one another, they are not erroneous.

*Jackson v. State,* 657 N.E.2d 131, 134 (Ind. Ct.App.1995), *trans. denied.*

### B. Elements Instruction

The trial court gave the following preliminary instruction to the jury regarding the elements of the offense with which Wooden was charged:

The Indiana statutes defining the offense charged, including the elements contained therein, insofar as applicable, read as follows:

A person who operates a motor vehicle after the person's driving privileges are forfeited for life, commits operating a motor vehicle after license forfeited for life, a Class C felony[.]

The elements of this offense are that the defendant must be:

1. A person who

2. operates a motor vehicle

3. after the person's driving privileges are forfeited for life.

Appellant's Appendix at 54–55. Wooden claims that this instruction was erroneous in that it did not inform the jury that an additional element of the offense was that he knew or should have known that his driving privileges were forfeited.

◼ Wooden concedes that he did not object to this instruction at trial. Ordinarily, failure to make a timely objection to an instruction waives that issue for appellate review. *Lampkins v. State,* 749 N.E.2d 83, 85 (Ind.Ct.App.2001), *trans. denied.* However, in order to avoid waiver, Wooden claims that the trial court's error constituted fundamental error. A fundamental error is a substantial, blatant violation of basic principles of due process that renders the trial unfair to the defendant. *Stafford v. State,* 736 N.E.2d 326, 332 (Ind. Ct.App.2000), *trans. denied.* Our supreme court has stressed that the fundamental error exception is "extremely narrow."

*Mitchell v. State,* 726 N.E.2d 1228, 1236 (Ind.2000). In order to qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Id.* (quoting *Willey v. State,* 712 N.E.2d 434, 444–45 (Ind.1999)). Such error "must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Id.* (quoting *Wilson v. State,* 514 N.E.2d 282, 284 (Ind.1987)). To justify reversal where an erroneous jury instruction was given, the error must be such that the whole charge of which it formed a part misled the jury concerning the law of the case. *Stafford,* 736 N.E.2d at 332.

◼ We find no fundamental error in the trial court's instructions. Whether or not his knowledge of the forfeiture of his driving privileges is actually an element of the offense, *compare Ford v. State,* 711 N.E.2d 86, 88 (Ind.Ct.App.1999), *trans. denied* ("In order to support a conviction for Driving While Suspended for Life, the State must prove that the defendant was driving and that the defendant's privileges had been suspended for life.") *and Moore v. State,* 702 N.E.2d 762, 764 (Ind.Ct.App. 1998) ("To support a conviction under this section, the State must prove that the defendant was driving and that his driving privileges had been suspended for life.") *with Austin v. State,* 700 N.E.2d 1191, 1192 (Ind.Ct.App.1998), *trans. denied* ("To sustain a conviction under this statute, the State must prove that Austin (1) operated a motor vehicle (2) after his driving privileges were forfeited for life and (3) he knew or should have known that his driving privileges were forfeited."), the trial court's instructions did not mislead the jury concerning the law of the case. In addition to the instruction quoted above, the jury was also instructed as follows:

The Court in its preliminary instructions, has heretofore instructed you as to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the evidence received, which preliminary instructions should be considered by you along with the following final instructions in arriving at your verdict in this case.

As to these instructions on the law, read to you by the court, and which you will be allowed to take to the jury room with you, it is impractical to embody all applicable law in any one instruction, so in considering any one instruction you should construe it in connection with, and in light of, every other instruction given.

\* \* \*

A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of the conduct, he is aware of a high probability that he is doing so.

You are instructed that knowledge, which is an essential element to be proved herein, may be inferred from the facts and circumstances as shown by the evidence.

Appellant's Appendix at 63, 65. The trial court's instructions may not be a model of clarity, but they do inform the jury of the knowledge requirement. Wooden has failed to show that any error in the instructions rises to the level of fundamental error.

## II. Sentencing

### A. Standard of Review

■ Sentencing a defendant rests within the trial court's discretion and will be reversed only upon showing a manifest abuse of discretion. *Jester v. State*, 746 N.E.2d 437, 439 (Ind.Ct.App.2001).

### B. Costs and Fees

The trial court's sentencing statement provided, in part, as follows: "The Court imposes no fine, but costs of $125 and a $200 Public Defender Reimbursement fee. Those amounts of money are reduced to a monetary judgment against [Wooden], but he will not be incarcerated for his nonfailure to pay these amounts." R. 55. Wooden claims that the trial court erroneously ordered him to pay the costs and reimbursement fee without holding an indigency hearing as required by statute and erroneously ordered him to pay a Public Defender reimbursement fee in excess of the statutory limit. Wooden also claims that the trial court's record is incomplete.

### 1. Indigency Hearing

■ Indiana Code section 33–19–2–3 provides, in pertinent part, that:

When the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:

(1) the entire amount at the time sentence is pronounced;

(2) the entire amount at some later date; or

(3) specified parts at designated intervals.

\* \* \*

(c) If, after a hearing under subsection (a), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person.

Ind.Code § 33–19–2–3(a), (c). Wooden contends that because the trial court did not hold an indigency hearing as required by this section, the court erroneously ordered him to pay costs and fees.

 In *Whitehead v. State*, 511 N.E.2d 284 (Ind.1987), *cert. denied*, 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988), our supreme court was confronted with the issue of whether a trial court erred in ordering the defendant to pay a fine as part of his criminal sentence. The court noted that our statutes allow a court to impose a fine or costs, but also provide that when the court imposes a fine on a defendant, it must conduct a hearing to determine if the defendant is indigent. *See* Ind.Code § 35–50–2–3 (defendant convicted of murder may be fined not more than $10,000); Ind.Code § 35–38–1–18(a). When a fine is imposed upon an indigent, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine. *Whitehead*, 511 N.E.2d at 296. Because the trial court had appointed pauper appellate counsel, the trial court was aware of the appellant's indigency, and the case was remanded to the trial court for the purpose of adding language to the sentencing order indicating that the appellant shall not be imprisoned for failing to pay the court-ordered fine. *Id.* at 297.

In the more recent case of *Everroad v. State*, 730 N.E.2d 222 (Ind.Ct.App.2000), another panel of this court examined the case law interpreting Indiana Code section 35–38–1–18(a) and reiterated that the statute "imposes an affirmative duty on a trial court to hold an indigency hearing when imposing a fine on a defendant." *Id.* at 227. This is so even if the defendant had counsel appointed to represent him at trial because "[a] finding of indigency for the purpose of appointing defense counsel is not conclusive in regard to a defendant's ability to pay a fine." *Id.* at 225 (quoting

*Marshall v. State*, 505 N.E.2d 853, 857 (Ind.Ct.App.1987)). Because the defendant had informed the trial court that he did not wish to appeal his convictions, there was no opportunity for him to demonstrate his inability to pay a fine, and we remanded for an indigency hearing. *Id.* at 227.

In this case, pauper counsel was appointed to represent Wooden at his trial. After he was found guilty by a jury, the trial court entered a judgment of conviction and ordered that Wooden pay costs and a reimbursement fee, but expressly stated that he would not be incarcerated for failure to pay those amounts. Wooden was then advised of his right to appeal and to have counsel appointed for purposes of an appeal if he could not afford one. The court then asked if Wooden wished to appeal, to which Wooden responded affirmatively. The trial court then stated, "[t]he Court appoints the Marion County Public Defender Agency to represent you, the Pauper Appeals Panel." R. 56.

 Although a full-blown hearing at which evidence of Wooden's assets and debts was not held in this case, the purpose of the indigency hearing requirement, to assure that a defendant would not be imprisoned for inability to pay imposed fines and costs, was met. The trial court had previously determined that Wooden was indigent when it appointed pauper counsel to represent him at trial. The trial court obviously believed that he remained indigent at the time of sentencing, because it appointed pauper counsel for the purposes of appeal, as well.[1] Further, the trial court explicitly included within its sentencing statement the required lan-

---

1. The order appointing pauper appellate counsel reflects that Wooden "orally requested the Court to appoint pauper counsel for the purpose of appealing his conviction ...

and Motion granted and the Court assigns this case to the Marion County Criminal Appeal Panel...." Appellant's Appendix at 50.

guage for imposing costs on an indigent defendant.[2] Under similar circumstances, we have held that a separate indigency hearing was not necessarily required. *See Ratliff v. State,* 741 N.E.2d 424, 435 (Ind. Ct.App.2000), *trans. denied* (holding that where the trial court had previously determined that the defendant was indigent and had appointed counsel for trial, and then subsequently appointed counsel for the defendant's appeal, the trial court did not need to hold an indigency hearing if its intention was to stand on its previous determination of indigency, but did need to amend its sentencing order to reflect that the defendant could not be imprisoned for failure to pay). Therefore, because the trial court's statements and actions at the sentencing hearing indicate an intention to find Wooden indigent, and because the sentencing statement includes the required non-imprisonment language, we find no error in the imposition of costs and fees without a separate indigency hearing.[3]

### 2. Excessive Reimbursement Fee

■ Indiana Code section 35–33–7–6 provides, in pertinent part, that:

If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following: (1) For a felony action, a fee of one hundred dollars ($100).

(2) For a misdemeanor action, a fee of fifty dollars ($50).

Ind.Code § 35–33–7–6(c). In this case, the trial court ordered Wooden to pay a public defender reimbursement fee of $200. Clearly, such a fee is not authorized by statute. The most Wooden can be ordered to pay is $100. We therefore remand to the trial court to amend its sentencing order to reflect a $100 reimbursement fee.[4]

---

2. In this respect, the costs and fees ordered herein are akin to an order for restitution which is made a part of an executed sentence. In the circumstance in which restitution is made a condition of probation or a suspended sentence, an inquiry into the defendant's ability to pay is necessary in order to prevent him from being imprisoned should he be unable to pay. *Ladd v. State,* 710 N.E.2d 188, 192 (Ind.Ct.App.1999). However, if the restitution is made a part of an executed sentence, it is merely a money judgment, and an inquiry into the defendant's ability to pay is not necessary because the defendant cannot be imprisoned for non-payment. *Id.*

3. We note that Wooden also claims the chronological case summary ("CCS") and the abstract of judgment are inconsistent with the trial court's sentencing statement in that they state: "$200 public defender fee. Defendant shall not be incarcerated for failure to pay costs." Appellant's Appendix at 11, 14–15. Wooden urges that we remand for the abstract to be amended to reflect that he not be incarcerated for failure to pay costs *or fees.* However, the statute authorizing imposition of reimbursement "fee" is actually phrased as imposition of the *"cost* of representation." Ind.Code § 35–33–7–6(c) (emphasis added).

The trial court's sentencing statements and the CCS and abstract of judgment are not in conflict.

4. Indiana Code section 35–33–7–6 reads, in full, as follows:

(a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to him.

(b) If jurisdiction over an indigent defendant is transferred to another court, the receiving court shall assign counsel immediately upon acquiring jurisdiction over the defendant.

(c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

(2) For a misdemeanor action, a fee of fifty dollars ($50). The clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund established under IC 33–9–11.5–1.

### Conclusion

The trial court's instructions did not so mislead the jury as to the law to be applied to this case as to be considered fundamental error. Moreover, the trial court did not err in imposing costs against Wooden. However, the trial court did err in the amount of reimbursement ordered. We therefore remand to the trial court to amend its reimbursement order. In all other respects, the sentence is affirmed.

Affirmed in part, remanded in part.

BAKER, J., and FRIEDLANDER, J., concur.

(d) The court may review the finding of indigency at any time during the proceedings.

We note the apparent inconsistency in saying, on the one hand, that the defendant is indigent and cannot be imprisoned for failure to pay fines and costs, and on the other hand, that the defendant can pay part of the costs of his representation by assigned counsel. However, both this opinion and the statute cited above express this dichotomy as an acknowledgement that there can be degrees of indigency. One may be indigent for purposes of paying private counsel thousands of dollars for representation, but still be able to pay a nominal amount to partially reimburse the costs of his appointed counsel. Moreover, because the defendant cannot be imprisoned for failure to pay any reimbursement ordered, there is no harm to the defendant in an indigency finding *and* an order for reimbursement.