**Jonathan P. HONEYCUTT, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0105–CR–201.**

Court of Appeals of Indiana.

Dec. 28, 2001.

Patricia Caress McMath Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant Defendant, Jonathan P. Honeycutt (Jonathan), appeals his conviction for failure to stop after an accident resulting in serious bodily injury, a Class A misdemeanor, Ind.Code § 9–26–1–1.

We reverse.

### ISSUE

Jonathan raises two issues on appeal, one of which we find dispositive and restate as follows: whether the State presented sufficient evidence to support his conviction for failure to stop after an accident resulting in serious bodily injury.

*FACTS AND PROCEDURAL HISTORY*

The facts relevant to our disposition are as follows. On May 8, 1998, Jonathan and his brothers, Darrell Honeycutt (Darrell) and Samuel Honeycutt (Samuel), went to a couple of bars. After leaving the last bar, Jonathan, Darrell and Samuel got into a four (4) door vehicle. Jonathan was driving, Darrell was in the passenger seat, and Samuel was in the back seat behind the driver. At some point, the brothers got into an argument, and Samuel wanted out of the vehicle.

Samuel testified that he asked Jonathan to stop the vehicle several times. However, Jonathan did not stop. Samuel testified, "I had the door open waiting for him to stop the car. I was poised to get out when he stopped, but he was doing about 40. He had no intention of stopping, I don't guess, and that's when I got pushed out of the car." (R. 80). When asked who pushed him out of the vehicle, Samuel testified that it was Darrell who pushed him.

While he was in the street, Samuel alleged that Jonathan positioned the vehicle over his body and revved the engine for approximately fifteen (15) seconds. Samuel testified that he asked Jonathan to help get him out of the street. Jonathan pulled Samuel out of the street and placed him in a driveway. Samuel testified that he did not ask for further assistance. Jonathan wanted Samuel to get back in the vehicle with him and Darrell and go home, but Samuel stated, "I can't go home. I need an ambulance." (R. 93). Samuel testified that Jonathan then took his hat, got back into the vehicle, and, again, positioned the vehicle over his body, revved the engine for approximately fifteen (15) seconds, and drove off.

Jonathan and Darrell drove home without Samuel. Jonathan, Darrell and Samuel lived in the same home, which was three (3) blocks from the scene. Approximately ten (10) to (20) twenty minutes after Jonathan and Darrell arrived at home, the police knocked on their door. Samuel told a police officer that "his brother, Jon, was driving the car that ran over him. He pretty much said that the car ran over him." (R. 40).

On May 13, 1998, the State filed an information against Jonathan and Darrell, charging them with Count I, criminal recklessness, a Class D felony, Ind.Code § 35-42-2-2; and Count II, failure to stop after an accident resulting in serious bodily injury, a Class D felony, Ind.Code § 9-26-1-1. The counts read as follows:

COUNT I

Darrell Honeycutt and Jonathan Honeycutt, on or about May 8, 1998, did recklessly inflict on Samuel Greg Honeycutt serious bodily injury, that is: a fractured leg by running over Samuel Greg Honeycutt with a vehicle, that is: a 1995 Mazada [sic] automobile;

COUNT II

Darrell Honeycutt and Jonathan Honeycutt, being the driver of a Mazada [sic] automobile which was involved in an accident resulting in serious bodily injury, that is: a fractured leg to Samuel Greg Honeycutt, did fail to immediately stop the vehicle at the scene of the accident, which was at approximately 1457 Dunlap Avenue or as close to the accident as possible, and did fail to immediately return to and remain at the scene of the accident until they had given information and rendered assistance as required by IC 9-26-1-1[.]

(Appellant's Appendix at 22). The information was later amended to delete Darrell from Counts I and II and to add Count III, charging Darrell with criminal recklessness for pushing Samuel out of the vehicle.

On December 27, 2000, a bench trial was held. At trial, Samuel testified that he was not actually struck by the vehicle that Jonathan was driving. Samuel stated that his leg broke when he fell out or was pushed out of the vehicle. After the State rested, the defense moved for an involuntary dismissal as to all counts. Regarding Count I, Jonathan's counsel stated, "it's clear that there's absolutely no factual basis for that count." (R. 126). The State did not respond, and the trial court dismissed Count I. The trial court also granted the defense's motion as to Count III. The trial continued on Count II, and Jonathan testified. In order for the parties and the court to research Count II, the trial court continued the case until January 10, 2001.

After hearing arguments on January 10, 2001, the trial court found Jonathan guilty of Count II. On March 23, 2001, Jonathan was sentenced. The trial court entered judgment of conviction as a Class A misdemeanor and imposed a sentence of 365 days, with 353 days suspended.

Jonathan now appeals.

## DISCUSSION AND DECISION

Jonathan argues that the State did not present sufficient evidence to support his conviction for failure to stop after an accident resulting in serious bodily injury. Specifically, Jonathan argues that Ind. Code § 9–26–1–1 does not apply to this situation. We agree.

In reviewing sufficiency of the evidence claims, this court does not reweigh the evidence or judge the credibility of the witnesses. *Mabbitt v. State*, 703 N.E.2d 698, 700 (Ind.Ct.App.1998). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm if there is substantial evidence of probative value to support the conclusion of the trier of fact.

*Id.* Reversal is only appropriate when reasonable persons would be unable to form inferences as to each material element of the offense. *Id.*

Ind.Code § 9–26–1–1 provides:

The driver of a vehicle involved in an accident that results in the injury or death of a person shall do the following:

(1) Immediately stop the vehicle at the scene of the accident or as close to the accident as possible in a manner that does not obstruct traffic more than is necessary.

(2) Immediately return to and remain at the scene of the accident until the driver does the following:

(A) Gives the driver's name and address and the registration number of the vehicle the driver was driving.

(B) Upon request, exhibits the driver's license of the driver to the following:

(i) The person struck.

(ii) The driver or occupant of or person attending each vehicle involved in the accident.

(C) Determines the need for and renders reasonable assistance to each person injured in the accident, including the removal or the making of arrangements for the removal of each injured person to a physician or hospital for medical treatment.

(3) Immediately give notice of the accident by the quickest means of communication to one (1) of the following:

(A) The local police department if the accident occurs within a municipality.

(B) The office of the county sheriff or the nearest state police post if the accident occurs outside a municipality.

(4) Within ten (10) days after the accident, forward a written report of the accident to the state police department.

As Jonathan points out, and we agree, the legislature limits the scope of this statute to incidents involving a vehicle striking something that causes injury to someone, or a vehicle striking a person and causing injury. Samuel testified that he was not struck by a vehicle. The trial court apparently believed Samuel's testimony, because the trial court granted the defense's motion for involuntary dismissal of Count I. In fact, the trial court did not believe that Samuel was pushed out of the vehicle by Darrell. This is evidenced by the trial court's grant of the defense's motion for involuntary dismissal of Count III.

In *State v. Eilers*, 697 N.E.2d 969, 970–971 (Ind.Ct.App.1998), this court held:

> When interpreting a statute the words and phrases in a statute are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Saurer v. Bd. of Zoning Appeals*, 629 N.E.2d 893, 897 (Ind.Ct.App.1994). . . . Although it is true that we must look to legislative intent when construing a statute with ambiguous language, "[i]f the language of a statute is clear and unambiguous it is not subject to judicial interpretation." *Town of Merrillville v. Merrillville Conservancy Dist.*, 649 N.E.2d 645, 649 (Ind.Ct.App.1995), *reh'g denied, trans. denied.*

The language of the statute here is clear and unambiguous, therefore we do not need to look beyond the statute for legislative intent.

 WEBSTER'S II NEW COLLEGE DICTIONARY 1092 (2001) defines the word "struck" as a verb, meaning "[t]o collide with" or "[t]o move into violent contact." Ind.Code § 9–26–1–1 clearly must involve a person driving a vehicle. The vehicle is the instrument that causes the injury. Additionally, Ind.Code § 9–26–1–1(2)(B)(i) specifically states "person struck." It is true that Jonathan was driving the vehicle that Samuel fell out of. However, Samuel was not struck by that vehicle or any other vehicle. Samuel struck the pavement, but this is not contemplated by the statute. Consequently, we find that Ind.Code § 9–26–1–1 does not apply to Jonathan's situation.

Accordingly, we find that the trial court could not reasonably infer that Jonathan was guilty of failure to stop after an accident resulting in serious bodily injury. Therefore, we find that there is not substantial evidence of probative value to support the conclusion of the trier of fact. *See Mabbitt*, 703 N.E.2d at 700.

### CONCLUSION

Based on the foregoing, we conclude that Jonathan was improperly convicted of failure to stop after an accident resulting in serious bodily injury.

Reversed.

BROOK, J., and MATHIAS, J., concur.