**Carolyn DUNKLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0201–CR–69.**

Court of Appeals of Indiana.

May 8, 2003.

Barbara J. Simmons, Batesville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Carolyn Dunkley (Dunkley), appeals her conviction for operating a vehicle while intoxicated, a Class A misdemeanor, Ind.Code § 9–30–5–2. Dunkley also appeals the trial court's order requiring her to pay a cost and a fine as part of her sentence.

We affirm.

### ISSUES

Dunkley raises two (2) issues on appeal, which we restate as follows:

1. Whether the State presented sufficient evidence to support her conviction for operating a vehicle while intoxicated.

2. Whether the trial court erred when it ordered her to pay a cost and a fine as

part of her sentence without holding a separate indigency hearing.

## FACTS AND PROCEDURAL HISTORY

On May 3, 2001, Officer Michael Treat (Treat) of the Beech Grove Police Department witnessed Dunkley drive her vehicle left of center. Additionally, he noticed that her vehicle's right tail lamp was cracked. Due to these traffic infractions, Treat initiated a traffic stop. He observed Dunkley "to have slurred speech, bloodshot watery eyes, poor dexterity in her hands when she was retrieving her license and a strong odor of an alcoholic beverage coming from her breath." (Tr. pp. 7–8). Treat also observed five unopened Heineken bottles on the passenger side of her vehicle. Thereafter, he asked Dunkley to exit her vehicle and perform field sobriety tests. She performed and failed the horizontal gaze nystagmus test and the one leg stand. Dunkley performed and passed the walk and turn test.

After the Indiana Implied Consent Law was read to Dunkley, she agreed to submit to a chemical test. The test was administered at the Beech Grove Police Department. Treat administered the test twice. The results of the tests were invalid. Treat then explained to Dunkley that he needed to receive some type of test from her. He informed her that she could submit to a blood draw at Wishard Hospital. Dunkley told Treat that she was scared of needles and would only submit to a blood draw if it was administered at Methodist Hospital. Treat considered this a refusal.

That same day, the State filed informations against Dunkley, charging her with public intoxication, a Class B misdemeanor, I.C. § 7.1–5–1–3, and operating a vehicle while intoxicated. On May 15, 2001, Dunkley requested pauper counsel. An indigency hearing was held that same day, and pauper counsel was appointed to represent her.

On September 26, 2001, a bench trial was held. The trial court found Dunkley guilty of operating a vehicle while intoxicated and not guilty of public intoxication. The trial court noted that Dunkley "did not refuse the chemical test within the definition of the Indiana Law." (Tr. p. 38). The trial court sentenced Dunkley, in pertinent part, as follows:

> The Court will sentence her to 365 days in the Marion County Jail.... She has one day credit time. She will have 363 days suspended. 363 days probation. She will be ordered to attend the Mother's Against Drunk Drivers, Victim Impact Panel, receive alcohol evaluation and treatment if necessary. 40 hours of community work service. There is a $300 alcohol and drug services fee, a $200 intervention fee, court cost of $129.50, a fine of $1.

(Tr. p. 42).

On October 16, 2001, Dunkley filed a Motion for Appointment of Pauper Appellate Counsel and for Leave to Withdraw Appearance. The trial court granted her motion that same day.

This appeal followed.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Dunkley argues that the State did not present sufficient evidence to support her conviction for operating a vehicle while intoxicated. In reviewing sufficiency of the evidence claims, this court does not reweigh the evidence or judge the credibility of the witnesses. *Mabbitt v. State,* 703 N.E.2d 698, 700 (Ind.Ct.App.1998). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.* Reversal is only appropriate when rea-

sonable persons would be unable to form inferences as to each material element of the offense. *Id.*

At the time the charge was filed against Dunkley, I.C. § 9–30–5–2 provided as follows: "A person who operates a vehicle while intoxicated commits a Class A misdemeanor."[1] Additionally, in *Weaver v. State,* 702 N.E.2d 750, 753 (Ind.Ct.App. 1998), this court stated:

> Indiana Code Section 9–13–2–86 defines "intoxicated" as "under the influence of (1) alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." The element of endangerment is proved by evidence that the defendant's condition or manner of operating the vehicle could have endangered any person, including the public, the police, or the defendant. *Blinn v. State,* 677 N.E.2d 51, 54 (Ind.Ct.App.1997). Thus, "proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish endangerment." *Kremer v. State,* 643 N.E.2d 357, 360 (Ind.Ct.App.1994).

■ Here, Treat testified that Dunkley had slurred speech, bloodshot watery eyes, poor dexterity, and a strong odor of an alcoholic beverage on her breath. Moreover, Treat testified that Dunkley failed two field sobriety tests. "Intoxication may ... be established through evidence of consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes, an odor of alcohol on the breath, unsteady balance, failed field sobriety tests and slurred speech." *Mann v. State,* 754 N.E.2d 544, 547 (Ind. Ct.App.2001), *trans. denied.*

Clearly, Dunkley met the above conditions that establish intoxication. *See id.* Moreover, the endangerment element was established by Dunkley's manner of operating her vehicle, as she drove her vehicle left of center. *See Weaver,* 702 N.E.2d at 753. The endangerment element was further established by her condition. *See id.* Thus, we find that the trier of fact could have reasonably inferred that Dunkley operated a vehicle while intoxicated. *See* I.C. § 9–30–5–2. Therefore, we find that there is substantial evidence of probative value to support the conclusion of the trier of fact. *See Mabbitt,* 703 N.E.2d at 700.

II. *Separate Indigency Hearing*

■ Dunkley argues that the trial court erred when it ordered her to pay a cost and a fine as part of her sentence without holding a separate indigency hearing. When a trial court imposes costs and fines, it shall conduct a hearing to determine whether the convicted person is indigent. *See* I.C. § 33–19–2–3(a); I.C. § 35–38–1–18(a). Furthermore, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine when a fine is imposed upon an indigent. *Cranor v. State,* 699 N.E.2d 284, 287 (Ind.Ct.App.1998).

■ Specifically, I.C. § 35–38–1–18(a) "imposes an affirmative duty on a trial court to hold an indigency hearing when imposing a fine on a defendant." *Everroad v. State,* 730 N.E.2d 222, 227 (Ind.Ct. App.2000). This is so even if the defendant had counsel appointed to represent him at trial: "A finding of indigency for the purpose of appointing defense counsel is not conclusive in regard to a defendant's ability to pay a fine." *Id.* at 225 (quoting *Marshall v. State,* 505 N.E.2d 853, 857 (Ind.Ct.App.1987)).

In *Wooden v. State,* 757 N.E.2d 212, 216 (Ind.Ct.App.2001), *trans. denied.,* the defendant argued that the trial court erroneously ordered him to pay costs and a reim-

---

1. I.C. § 9–30–5–2 has since been amended.

bursement fee during sentencing without holding an indigency hearing. This court disagreed, observing that pauper counsel was appointed to represent the defendant prior to trial. *Id.* at 217. Furthermore, at sentencing, the trial court appointed pauper counsel to represent the defendant on appeal. *Id.* Consequently, this court held that the trial court met the indigency requirement, as the defendant was regarded as indigent prior to trial and at sentencing. *Id.*

The present case is similar to *Wooden.* In the instant case, Dunkley requested pauper counsel prior to trial. The trial court held an indigency hearing, and pauper counsel was appointed to represent her. Dunkley was found guilty of operating a vehicle while intoxicated and sentenced. During sentencing, the trial court ordered her to pay fees, a cost, and a fine. A few weeks later, Dunkley requested and received appellate pauper counsel. There was not a separate indigency hearing before appellate pauper counsel was appointed, as she was apparently regarded as indigent by the trial court due to its previous determination of indigency. Accordingly, we find that the trial court met the indigency hearing requirement when it found Dunkley to be indigent prior to trial. *See id.* Therefore, we cannot find that the trial court erred when it ordered her to pay a cost and a fine as part of her sentence without holding a separate indigency hearing.

■ Finally, Dunkley argues if we find that a separate indigency hearing was not required, we should remand this case to add language to the sentencing order that she shall not be jailed for failing to pay any imposed fees, costs, or fines. We disagree in light of *Whedon v. State,* 765 N.E.2d 1276 (Ind.2002). In *Whedon,* our supreme court stated as follows:

We note, however, the dubious origin of the rule declaring that trial courts' sentencing orders must necessarily recite an express prohibition upon imprisonment for failure to pay fines or costs. Remanding to insist that this warning be included in every order sentencing an indigent defendant does not substantially serve defendants or the just and efficient administration of justice. Moreover, a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise. Finding the supporting precedents insufficiently grounded and the rule lacking sound and substantial purpose, we overrule our precedents declaring that sentencing orders must include the prohibition against imprisonment for failure to pay fines or costs.

*Id.* at 1279. With the above in mind, it is our determination that it is not necessary to remand this cause to amend the sentencing order. *See id.*

### CONCLUSION

Based on the foregoing, we conclude that Dunkley was properly convicted of operating a vehicle while intoxicated. We also conclude that the trial court did not err when it ordered her to pay a cost and a fine as part of her sentence without holding a separate indigency hearing.

Affirmed.

MATTINGLY–MAY, J., and ROBB, J., concur.