Alfred G. **NELSON**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 12A02–0503–CR–229.

Court of Appeals of Indiana.

Jan. 20, 2006.

Bradley K. Mohler, Ponton & Mohler, Frankfort, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Alfred G Nelson appeals his conviction of Failure to Return to the Scene of an Accident Resulting in Death,[1] a class C felony. Nelson presents the following restated issue for review: Did the trial court err in denying Nelson's motion to dismiss and his motion for a directed verdict?

We reverse.

The facts favorable to the judgment of conviction are that on January 30, 2003, Robert Wilken was northbound on State Route 29 (SR 29) in Clinton County, Indiana. Just ahead of Wilken's location, State Route 28 (SR28) intersected with State Route 29. SR28 "jogged" at its intersection with SR29, with the westbound (from the perspective of a motorist on SR29) junction of SR 28 located approximately one-half mile north of the eastbound junction. SR 29 was the preferred road and motorists traveling on SR 28 from both directions had a stop sign. Richard Carny was traveling eastbound on SR 28 and was stopped at the northernmost of the aforementioned stop signs where SR28 and SR29 intersected. Ricky Duckworth was driving a commercial truck southbound on SR29. He waved as he drove past Carny, who was stopped at the stop sign to Duckworth's right side. A café was located just south of where Carny was located, on the opposite, or west, side of SR29. At about that time, Alfred Nelson was pulling his semi-tractor-trailer rig from the café parking lot onto southbound SR29. He did so in such a way as to block both lanes of SR29. Wilkens, approaching from the south, managed to stop his vehicle before striking Nelson's truck. Duckworth, who was traveling at approximately forty-five miles per hour, could not stop in time to avoid a collision, so he steered his truck off the road to the right. After traveling approximately 144 feet, his truck struck a building,[2] and continued for another 115 feet before coming to a stop. Duckworth suffered catastrophic head injuries and died instantly. Nelson continued pulling onto southbound SR29 and then came to a stop. Wilkens ran to Duckworth's truck immediately after it came to a stop and looked inside the cab. It was immediately apparent to him that Duckworth was deceased. He turned to Nelson and gave a "thumbs-down" signal, then ran to a nearby truck to call for help.

---

1. Ind.Code Ann. § 9–26–1–1(2) (West, PREMISE through 2005 Public Laws).

2. There were several inches of snow on the ground at the time.

When police arrived at the scene moments later, Nelson was gone. He had departed without ever talking to anyone at the scene. A witness informed police that Nelson had driven away eastbound on SR 28. State Trooper Robert Bluemke broadcast a description of Nelson's truck. Nelson was stopped more than twelve miles from the scene of the accident. Upon questioning, Nelson admitted he was present at the scene, but claimed that he did not remember details of what had occurred. Nelson was placed under arrest and transported to the Clinton County Jail.

Nelson was charged with reckless homicide and failing to stop at the scene of an accident resulting in death. Before trial, Nelson submitted a motion to dismiss both charges on the ground that the applicable criminal statute was implicated only when the defendant's vehicle made physical contact with the decedent or the decedent's vehicle. The trial court denied the motion. A jury trial was held. At the close of the State's case-in-chief, Nelson moved for a directed verdict, based upon the same grounds argued in his pretrial motion to dismiss. The trial court denied the motion for directed verdict. After Nelson presented his case-in-chief, the jury found Nelson not guilty of reckless homicide, but guilty of failing to stop at an accident resulting in death.

 Both parties agree that this appeal revolves round a single question: Do the duties of a motorist, as set out in I.C. § 9–26–1–1, arise in an incident in which his or her vehicle did not make physical contact with another vehicle or person? The parties further agree that the resolution of that question involves two Indiana cases. We will begin our analysis there.

In *Honeycutt v. State*, 760 N.E.2d 648, 651 (Ind.Ct.App.2001), this court held, "the legislature limits the scope of [I.C. § 9–26–1–1] to incidents involving a vehicle striking something that causes injury to someone, or a vehicle striking a person and causing injury." In that case, the defendant was convicted under this statute for failing to stop after a passenger was pushed out of the car defendant was driving and was injured. The conviction was reversed because it was undisputed that the victim was not struck by the defendant's vehicle.

We revisited the issue several years later in *Armstrong v. State*, 818 N.E.2d 93 (Ind.Ct.App.2004)[3] and reached the opposite conclusion. We explained,

> As discussed above, nothing inherent in the term "accident" suggests that it encompasses only incidents where someone or something is struck. Upon closer examination, we believe the term "accident" is the bellwether for all of the duties imposed by Indiana Code section 9–26–1–1[.] ... We therefore hold that all of the duties imposed by the statute apply to a "driver of a vehicle involved in an accident." With our interpretation, we respectfully decline to follow *Honeycutt*.

*Id.* at 99. We believe *Armstrong* was correct in interpreting I.C. § 9–26–1–1 such that the duties set out therein are triggered regardless of whether the driver's vehicle struck anyone or anything, so long as the driver's vehicle was involved in an accident. Thus, we also decline to follow *Honeycutt*.

---

3. The State petitioned for transfer following our decision reversing Armstrong's conviction. Our Supreme heard oral argument on the State's petition on April 14, 2005. As of the date of this decision, however, the Supreme Court had not yet ruled on the petition to transfer. Unless and until the Supreme Court's grants the transfer petition, *Armstrong* remains good law. Ind. Appellate Rule 58.

■ This does not end the matter, however. Nelson contends that even if we reject *Honeycutt* and decide that *Armstrong* represents the correct interpretation of I.C. § 9–26–1–1, that rule represents a change in the law that should not apply to him. We agree. *Armstrong* addressed the same question, as reflected in the following:

> In declining to follow *Honeycutt*, we acknowledge that our interpretation is so markedly different as to cause concerns about retroactive application to Armstrong. Constitutional provisions against ex post facto laws apply only to enactments by legislative bodies.... However, this court has recognized that the principle underlying the prohibition of ex post facto laws "may limit the retroactive application of judicial decisions interpreting statutes." [*Bryant v. State*, 446 N.E.2d 364, 365 (Ind.Ct.App. 1983).] The fundamental concept underlying the prohibition of retroactivity, whether by way of the due process clause or the prohibition against ex post facto laws, is that of fair notice to the defendant at the time he acts that his behavior is deemed criminal. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, [the construction] must not be given retroactive effect." *Bouie v. City of Columbia*, 378 U.S. 347, 354, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (internal quotation marks omitted).
>
> We note that transfer was not sought in *Honeycutt*. Thus, the law expressed prior to the conduct at issue here included no word from our supreme court indicating that, for purposes of the failure-to-stop statute, an "accident" requires that there be a "person struck." However, we believe that our interpretation, while correct, is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* We therefore decline to apply our interpretation to [the present case].

*Armstrong v. State*, 818 N.E.2d 93, 99 (Ind.Ct.App.2004).

The principle announced in *Armstrong* concerning the necessity of physical contact between the defendant's vehicle and another person or thing, constituted a significant change in the interpretation of I.C. § 9–26–1–1. We see no meaningful distinction between this case and *Armstrong* with respect to the issue of retroactive application. Accordingly, the *Honeycutt* interpretation of I.C. § 9–26–1–1 must be applied to Nelson's actions in this case. Under those circumstances, the trial court should have granted Nelson's motion to dismiss under *Honeycutt.* *See Armstrong v. State*, 818 N.E.2d 93.

Judgment reversed.

VAIDIK, J., and SULLIVAN, J., concur.