ATTORNEY FOR APPELLANT
Bradley K. Mohler
Ponton & Mohler
Frankfort, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

In the

Indiana Supreme Court

No. 12S02-0606-CR-213

ALFRED G. NELSON,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

Appeal from the Clinton Superior Court, No. 12D01-0301-FC-9
The Honorable Kathy R. Smith, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 12A02-0503-CR-229

**June 15, 2006**

**Rucker, Justice.**

The State seeks transfer from an opinion of the Court of Appeals reversing Alfred Nelson's conviction for failure to stop after an accident resulting in death, a Class C felony. See Ind. Code § 9-26-1-1. The record shows that on January 30, 2003 Ricky Duckworth was driving a semi-tractor trailer along State Road 29 in Clinton County. Exiting a restaurant parking lot,

Nelson drove his semi-tractor trailer onto State Road 29 directly into Duckworth's path. To avoid a collision Duckworth veered off the roadway into a ditch, crashing into and through a building. He was pronounced dead at the scene as a result of massive injures. Although a witness signaled to Nelson that Duckworth was deceased, Nelson left the area before authorities arrived. He was arrested twelve miles away and ultimately charged with reckless homicide and failure to stop after an accident resulting in death.

Prior to trial Nelson filed a motion to dismiss both charges. The trial court denied the motion. At the close of the State's case in chief Nelson moved for a directed verdict, which the trial court also denied. Nelson took the stand in his own defense. After the close of evidence, the jury returned a verdict of not guilty of reckless homicide but guilty of failure to stop after an accident resulting in death. Nelson appealed arguing the trial court erred in denying his motion to dismiss and his motion for directed verdict. His argument was premised upon Honeycutt v. State, 760 N.E.2d 648 (Ind. Ct. App. 2001), a case in which a panel of the Court of Appeals declared that "the legislature limits the scope of [Indiana Code section 9-26-1-1] to incidents involving a vehicle striking something that causes injury to someone, or a vehicle striking a person and causing injury." Id. at 651. Because there was no evidence that the victim in that case had been struck by the defendant's vehicle, the court reversed the defendant's conviction, declaring that Indiana Code section 9-26-1-1 did not apply.

The Court of Appeals in this case declined to follow Honeycutt. Instead the court relied upon Armstrong v. State, 818 N.E.2d 93 (Ind. Ct. App. 2004), in which a different panel of the Court of Appeals also declined to follow Honeycutt. The Armstrong court held:

> As discussed above, nothing inherent in the term "accident" suggests that it encompasses only incidents where someone or something is struck. Upon closer examination, we believe the term "accident" is the bellwether for all of the duties imposed by Indiana Code section 9-26-1-1 . . . . We therefore hold that *all* of the duties imposed by the statute apply to a "driver of a vehicle involved in an accident." With our interpretation, we respectfully decline to follow Honeycutt.

Id. at 99.  See Nelson v. State, 840 N.E.2d 890, 892 (Ind. Ct. App. 2006).  However, just as in Armstrong, expressing the due process implications of its decision, the Court of Appeals in this case also declined to apply the statute retroactively to the appellant.  The court thus reversed the judgment of the trial court on the ground that it should have granted Nelson's motion to dismiss under Honeycutt.  Nelson, 840 N.E.2d at 893.

In an opinion handed down today, we adopted that portion of Armstrong interpreting Indiana Code section 9-26-1-1.  Armstrong v. State, No. 26S05-0606-CR-212, slip op. at 5, ___N.E.2d___, ___, (Ind. June 15, 2006).  In doing so we "disapprove[d] the contrary interpretation of the statute announced in Honeycutt."  Id.  However, we disagreed with our colleagues on the question of retroactivity.  We held instead that "the central question to be asked in deciding whether retroactive application of a judicial decision violates due process is whether the defendant had fair warning that his conduct was criminal at the time he engaged in it."  Id., slip op. at 7.  Based on the wording of the statute along with this Court's assessment of the statute's predecessor we concluded that, "Armstrong had fair warning that his conduct— failing to stop after an accident resulting in death—was criminal."  Id., slip op. at 8.  We reach the same conclusion here.  The Due Process Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, did not bar Nelson's prosecution for this offense.  We now grant transfer and affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

3