**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 29 2012, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DARREN C. CHADD**
**SERGEY G. GRECHUKHIN**
Kirtley, Taylor, Sims, Chadd & Minnette
Lebanon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JASON B. SAUNDERS,                      )
                                        )
    Appellant-Defendant,            )
                                        )
      vs.                        )    No.  06A01-1111-CR-596
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Rebecca J. McClure, Judge
Cause No. 06D02-9709-FD-390

**May 29, 2012**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Jason B. Saunders appeals the revocation of his probation, claiming that the trial court abused its discretion in ordering him to serve the remainder of his originally-suspended sentence. Saunders argues that the State waived its prosecution of the probation violations because an eleven-year delay in pursuing the case and serving him with an arrest warrant was unreasonable and violated his rights to due process. Concluding that Saunders has waived the delay and due process argument and further finding that the trial court did not err in ordering Saunders to serve the entirety of his originally-suspended sentence as a result of the probation violation, we affirm.

FACTS

On September 22, 1997, Saunders was charged with operating a motor vehicle while intoxicated, a class A misdemeanor, operating a motor vehicle with a BAC of .10% or more, a class C misdemeanor, public intoxication, a class B misdemeanor, possession of alcohol by a minor, a class C misdemeanor, and refusal to provide identification, a class C misdemeanor.

The State subsequently amended the charging informations to reflect that the operating while intoxicated and operating with a BAC of .10% or more charges were class D felonies, given that Saunders had previously been convicted of operating while intoxicated within five years of the instant charges.

Pursuant to a plea agreement negotiated with the State on May 15, 2000, Saunders pleaded guilty to operating a motor vehicle while intoxicated, a class D felony. On June

2

16, 2000, the trial court sentenced Saunders to three years of imprisonment, all suspended to time served. Saunders was also placed on probation for two years and seventeen days.

As a condition of probation, Saunders was to "obey all of the laws of the City, State, and Federal Governments." Appellant's App. p. 73. Saunders also agreed to report to his probation officer as required and to refrain from alcohol consumption. When Saunders signed the documents regarding the conditions of probation, his probation officer told him on two occasions to report to the probation department immediately following his release from the jail. However, Saunders failed to do so.

On June 22, 2000, the State filed a notice of probation violation, alleging that Saunders had failed to report to his probation officer as ordered. Thus, the trial court issued a warrant for Saunders's arrest that same day. Thereafter, on September 27, 2011, the trial court granted a request by the probation office to expand the arrest warrant to include both Indiana and Tennessee.

On October 21, 2011, Saunders was arrested on the warrant. Thereafter, on November 7, 2011, the State filed a second notice of probation violation, alleging that Saunders had been arrested for a number of offenses while on probation. A hearing was conducted on November 10, 2011, at which time Saunders admitted that he had committed the following offenses in Tennessee:

| Date | Offense |
|------|---------|
| 11-15-2001 | Operating while intoxicated and driving while suspended |
| 04-16-2002 | Vandalism |

3

| 11-04-2003 | Criminal Trespass and operating without a driver's license |
| 6-30-2006 | Indecent Exposure |

Tr. p. 13-14.

At the hearing, Saunders's probation officer testified, without objection, that her research revealed that Saunders had also been convicted of operating a vehicle while intoxicated on June 22, 2011, and for domestic assault, on July 26, 2011, a conviction for which he was still on probation in Tennessee.

According to Saunders's probation officer in Indiana, Saunders's probation officers in Tennessee did not know the extent of Saunders's criminal history. At the conclusion of the hearing, the trial court found that Saunders had violated his probation by failing to obey the law and failing to report to his probation officer as required.

Saunders's probation officer recommended that Saunders receive a 180-day sanction so that he could be returned to Tennessee to face his probation penalties there using "[Tennessee] taxpayers' money." Tr. p. 19-20. The trial court addressed Saunders as follows:

> Mr. Saunders, I have never in the six (6) years I have been on the Bench, had anybody who so blatantly disregarded the Orders of the Court by picking up new charges. The rule in this court is if somebody gets a new case, a new conviction while they're on probation, I send 'em to serve time. And that's if they pick up one (1) conviction. I have never had anybody come before me who has picked up at least seven convictions after being put on probation in this Court, and then never bothering to deal with probation here. . . . Like I said, people can't commit seven (7) new crimes and think nothing's gonna happen in this court.

4

Tr. p. 24. The trial court rejected his probation officer's recommendation and reinstated Saunders's originally-suspended three-year sentence. Saunders now appeals.

DISCUSSION AND DECISION

I. Due Process Claim and Delay

Saunders argues that the revocation of his probation was improper because the policy in Indiana requires a prompt resolution of the charges. More particularly, Saunders maintains that the State's eleven-year delay in apprehending him and pursuing the revocation matter amounted to a denial of his right to due process. Thus, Saunders argues that the State has waived the violations.

We initially observe that Saunders presents a novel issue in Indiana regarding the effect of the State's alleged unreasonable delay in pursuing a probation violation. However, Saunders concedes that he failed to raise those arguments at the trial court level. Appellant's Br. p. 13. Thus, Saunders has waived the issue. See Curtis v. State, 948 N.E.2d 1143, 1147-48 (Ind. 2011) (holding that issues may not be raised for the first time on appeal).

In an effort to avoid waiver, Saunders asserts that the State's lengthy delay in pursuing the revocation proceedings amounted to fundamental error. Appellant's Br. p. 13. The fundamental error exception is extremely narrow. Wooden v. State, 757 N.E.2d 212, 215 (Ind. Ct. App. 2001). More particularly, to qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. Willey v. State, 712 N.E.2d 434, 444-45 (Ind. 1999).

5

Indiana Code section 35-38-2-3(c) provides that the issuance of an arrest warrant tolls the period of probation until the revocation proceedings are completed. And while Saunders's claim of prejudice is that the delay by the State resulted in substantial harm to him, he has failed to identify the precise nature of the harm. In fact, Saunders admitted to the violations, and he has not shown how his defense to the violations was impaired in any way by the State's delay to prosecute. Tr. p. 13-14. Indeed, the prejudice that might have resulted was because Saunders absconded from Indiana for eleven years. That said, we conclude that Saunders has failed to substantiate his claim of fundamental error. Thus, we decline to disturb the trial court's revocation of Saunders's probation.

## II. Execution of Sentence

Saunders next argues that the trial court abused its discretion in ordering Saunders to serve the entirety of his previously-suspended sentence. Saunders argues that punishing him in this manner for "other unrelated convictions was improper." Appellant's Br. p. 6.

We note that probation restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that a probationer living within the community does not harm the public. Bonner v. State, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002). Upon finding that a probationer has violated a condition of probation, the trial court may continue probation, with or without modifying or enlarging the conditions, extend probation for not more than one year beyond the original probationary period, or order execution of the initial sentence that was suspended. I.C. § 35-38-2-3(g).

6

A trial court's sanctioning decision after finding a probation violation is reviewed for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. Id. The imposition of the entire suspended sentence is well within the trial court's discretion. Sanders v. State, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005). If the procedures for revoking probation have been properly followed, we will uphold the trial court's imposition of the entire previously-suspended sentence. Goonen v. State, 705 N.E.2d 209, 212-13 (Ind. Ct. App. 1999).

As set forth above, Saunders admitted violating the conditions of his probation, following his convictions on three new offenses while he was on probation. Tr. p. 13-14. Saunders's probation officer also established that he had amassed two other convictions. After hearing additional evidence that Saunders failed to report to his probation officers, the trial court revoked Saunders's probation and ordered him to serve the three-year, previously suspended portion of his sentence for class D felony operating while intoxicated conviction. Id. at 11, 13-14, 16, 18-19, 24. In short, Saunders's violation of two conditions of probation, which included the commission of several new offenses, justified the imposition of the entirety of Saunders's three-year sentence. See Sanders, 825 N.E.2d at 955-58 (upholding the imposition of a five-year previously suspended sentence based upon the defendant's commission of three new offenses and a positive test for cocaine).

7

Finally, even though it was established that Saunders violated these conditions of probation, he maintains that the trial court improperly considered the number of convictions that he had amassed in Tennessee in revoking his probation. Appellant's Br. p. 6-7. More particularly, Saunders appears to be arguing that he may have already been punished for the Tennessee offenses, and, thus, it was improper for the trial court to punish him again for those offenses. Id. at 6-7. However, Indiana Code section 35-38-2-3(g) provides for the imposition of a sanction once probation is violated, separate and apart from the sentences that a defendant may serve on new offenses. Thus, Saunders's claim fails. Thus, for all of these reasons, we cannot say that the trial court erred in ordering Saunders to serve the entirety of his previously-suspended sentence as a result of his probation violations.

The judgment of the trial court is affirmed.

KIRSCH, J., concurs.

BROWN, J., concurs.